BRÁHE and others vs. ELDRIDGE, impleaded &c.

B., an insolvent debtor, assigned his property, including real estate, to E., in trust for his creditors; and E. took possession of the personal property, but immediately thereafter, discovering that the bond which he had given was defective, redelivered the property to B., and a new assignment was executed, and a new bond given, under which E. took possession. *Held*, that even if the title passed by the first assignment, and did not revest in B. for want of reconveyance, still the trusts declared in the second assignment should take effect upon the title already in E., as against the claims of individual creditors, such being the clear intention of the parties, and the second assignment having been perfected before such creditors had acquired any lien upon the property.

APPEAL from the Circuit Court for *Rock* County.

The case is sufficiently stated in the opinion of the court. Judgment for the defendant *Eldridge;* from which the plaintiffs appealed.

*Knowlton & Jackson,* for appellants :

1. The first assignment was valid as between the parties, and void only as to creditors. *Geisse v. Beall,* 3 Wis., 367 ; *Fargo v. Ladd,* 6 id., 106 ; Laws of 1858, ch. 64, sec. 1. And creditors who chose might treat it as valid, and hold the assignee to a faithful discharge of the trust. Burrill on Assignments, 394 : *Edwards v. Mitchell,* 1 Gray, 239, 242 ; *Biglow v. Baldwin,* id., 245, 247 ; *Geisse v. Beall, supra.* Buckingham had nothing to convey by the second assignment, except the property not conveyed by the first. After *Eldridge* had accepted the trusts created by the first assignment, and taken possession of the property, it was not in his power to renounce those trusts and redeliver the property. *Seal v. Duffy,* 4 Barr, 274 ; *Scull v. Reeves,* 2 Green's Ch., 84. A trust had vested in him for the benefit of the creditors, which they might insist upon having executed. 2. The second assignment could not in any way aid the first. *Storm v. Davenport,* 1 Sandf. Ch., 135 ; *Averill v. Loucks,* 6 Barb., 470. Suppose that Buckingham had made the second assignment to a third person, creating the same or different trusts. Such second assignee could not have maintained an action against *Eldridge* for the possession of the property described in the first assignment. *Seal v. Duffy, supra ; Brownell v. Curtis,* 10 Paige, 210, 219. Would not a court of equity, at the request of creditors, compel *Eldridge* to execute the trusts created by the first assignment, entirely disregarding such second assignment? Or suppose that the first class of preferred creditors in the first assignment were not preferred in the second, but that those not preferred in the first were so in the second. Would not the creditors preferred in the first assignment be entitled to the aid of a court of equity to compel a distribution of the assets under

that assignment? In our opinion it makes no difference that the second assignment was made to the same assignee as the first, and created the same trusts.

*Sloan, Patten & Bailey*, for respondent:

1. If the trusts attempted to be raised by the first assignment were invalid, the conveyance was void for want of consideration, and would be so treated by a court of equity. Under such circumstances the assignee might revoke his consent to accept and take the property, which he immediately did. 2. If the first assignment was a valid conveyance as against Buckingham, and was void as to creditors, it was only so void because the trusts which it attempted to create were invalid. It was a voluntary conveyance without consideration, and, the second assignment containing a valid declaration of trusts for the benefit of creditors, and being accepted by *Eldridge*, the rights of the creditors under such declaration of trusts immediately attached, and the property was held by *Eldridge* for their benefit, by virtue of the conveyance in the first assignment and the trusts declared in the second.

*By the Court*, PAINE, J. Buckingham, a debtor in an insolvent condition, assigned his property, including some real estate, to *Eldridge*, in trust for his creditors. The assignee took possession of the personal property, but immediately thereafter, on discovering that the bond which he had given was defective, he redelivered possession of the property, and a new assignment of the same property, and a small amount of personal property in addition, which had been by mistake omitted in the first, was executed, and a new bond given, under which the assignee took possession and claims to hold. These plaintiffs, who claim to be judgment creditors of Buckingham, seek in this suit to have the assignments held void as to them, and to have the property applied in payment of their judgment. The ground principally relied on to sustain the action is, that inasmuch as the assignee did not execute any

reconveyance of the property to Buckingham after the discovery of the defect in the bond, therefore nothing passed by the second assignment from Buckingham, but the title remained in *Eldridge* by virtue of the first, which is conceded to have been void as against creditors; thus, as it is claimed, leaving the property liable to be seized by them and applied in satisfaction of their debts.

But even assuming, with the appellant, that the title passed by the first assignment, and that it did not revest in Buckingham for want of a reconveyance, we still think the trusts declared in the second assignment should take effect upon the title already in *Eldridge*, such being the clear intention of all the parties, and the second assignment having been perfected and the statute complied with before these plaintiffs or any other creditors had acquired any lien upon the property conveyed. If a reconveyance had been made by *Eldridge*, then the second assignment would clearly have been good. But the title is left at last in the same position, whether they had assumed, as they did, that they might abandon the first assignment entirely, and make a new one, or whether they had assumed that the title passed by the first, and had reconveyed it to Buckingham, and then back to *Eldridge*. It having been entirely competent for the parties to accomplish the latter result, notwithstanding the invalidity of the first assignment, there does not seem to be anything so essential in the mere formal process of a double reconveyance, which would only get the title back where it started from, that the lack of this proceeding should compel a court of equity to defeat the trust.

The judgment of the circuit court is affirmed, with costs.