CHURCHILL, Assignee, etc., vs. WHIPPLE and another.

*Assignment for benefit of creditors.*

A voluntary assignment for the benefit of creditors or with a view to insolvency, is not good under sec. 1, ch. 64, Laws of 1858, unless it be shown *by the affidavits of the sureties* in the assignee's bond, that they have property *within this state* worth the sum specified in such bond. *Hutchinson v. Brown*, 33 Wis., 465, distinguished.

APPEAL from the Circuit Court for *Eau Claire* County.

Action to recover the value of a stock of boots and shoes alleged to have been wrongfully taken by the defendants from the possession of the plaintiff, and unlawfully converted to their own use.

Cobban & Dunn, with a view to insolvency, executed to the plaintiff, as assignee, a voluntary assignment for the benefit of their creditors, of all their property not exempt by law from seizure upon attachment or execution. By virtue of such assignment the plaintiff took possession of the assigned property, including the goods in controversy. The assignment was executed, and a copy thereof filed in the proper office, in attempted compliance with the statute. Laws of 1858, ch. 64, sec. 1 (R. S., 411; Tay. Stats., 843).

The defendant *Richardson* (who was then the undersheriff of the county where the goods were) seized the goods by virtue of a writ of attachment duly issued at the suit of a creditor of Cobban & Dunn, in an action by such creditor against that firm. This is the taking complained of. The defendant *Whipple* was then the sheriff of such county.

A bond in the form prescribed by the statute, with two sureties, was also executed and filed in the proper office. Each of the sureties made an affidavit that "he is a freeholder and resident of the city of Eau Claire in the state of Wisconsin, and is worth the sum of $2,500 over and above all his liabilities, in property not exempt by law." No affidavit of the sureties that their property was within this state, was presented to the court commissioner who is named in the bond as obligee. The commissioner indorsed upon the bond his approval thereof, both as to form and sufficiency of sureties.

Upon the foregoing facts (which are not disputed), the court directed the jury to find for the defendants, and the plaintiff appealed from a judgment for the defendants entered pursuant to the verdict.

For the appellant, a brief was filed by *W. P. Bartlett* and

*Henry H. Hayden*, and the cause was argued orally by *Mr. Hayden.* . They contended, 1. That the assignment was not void for failing to state on its face that the assignee was a resident of this state, the statute not requiring that fact to appear in that manner. 2. That it was not void because the affidavits of the sureties do not show on their face that their property, to the amount required, is in this state; that the essential thing of which the statute speaks is, that the officer who takes the bond shall be *satisfied* of that fact; that such officer acts judicially in determining the sufficiency of the bond, and has exclusive authority and jurisdiction to determine that question; and such sufficiency, when so determined, includes the proper location of the property. *Hutchinson v. Brown*, 33 Wis., 465.

For the respondent, a brief was filed by *Vilas & Angel*, and the cause was argued orally by *L. M. Vilas*. They held that no voluntary assignment for the benefit of creditors not made in strict compliance with the statute in that behalf can be held valid as against creditors (*Hardman v. Bowen*, 37 N. Y.,196; *Juliand v. Rathbone*, id., 369; *Britton v. Lorenz*, 45 id., 51; *Williams v. Ins. Co.*, 9 How. Pr., 365; *Stewart v. M'Minn*, 5 W. & S., 100; *McGlone v. Prosser*, 21 Wis., 273; *Page v. Smith*, 24 id., 368; Sedgw. Stat. & Con. Law (2d ed.), 93); that as the statute requires the assignee's bond to be executed and delivered to a county judge or court commissioner who is *not a creditor* of the assignor, the fact so required should appear from the bond itself (by the assignor's or commissioner's certificate annexed to the bond and assignment), or at least should have been shown at the trial of this action by some other competent proof; and that the assignment here was invalid under ch. 64, Laws of 1858, because the officer did not certify that he was *satisfied by the affidavits* of the sureties that their property *within this state* was worth the amount specified in the bond, and because in fact the affidavits did not show such to be the case. *Hutchinson v. Brown*, 33 Wis., 465.

Lyon, J.   The statute which must control the determination of this appeal (Laws of 1858, ch. 64, sec. 1) is as follows:

"All voluntary assignments or transfers whatever of any real estate, chattels real, goods or chattels, rights, credits, moneys or effects, hereafter made within this state for the benefit of creditors, or with a view to insolvency, shall be void as against the creditors of the person making the same, unless the assignee or assignees shall be residents of this state, and shall, before taking possession of the property assigned, and before taking upon himself, or themselves, the several trusts conferred upon him or them by the instrument of assignment conveying and assigning such property or appointing such assignee or assignees, execute and deliver to the county judge or court commissioner of the county in which such assignor, or some one of the assignors, at the time of the execution of such instrument of assignment, shall reside, not being a creditor of such assignor, a bond in such sum, not less than the whole amount of the nominal value of the assets of such assignor, which value shall be ascertained by the oath of one or more witnesses and of the assignor, with two or more sufficient sureties, freeholders of this state, who shall each testify as to his responsibility, and by their several affidavits satisfy the officer taking such bond, that the property of such sureties (being within this state) is worth in the aggregate the sum specified therein."   The balance of the section prescribes the condition of the bond.

The case turns upon the question of the validity of the assignment as against creditors of the assignors.   If this is valid, the judgment is wrong and must be reversed; if invalid as to such creditors, the judgment should be affirmed.   It is not denied that if, in the execution of the assignment, there was a failure to comply with any requirement of the above statute, the assignment is void.   There was no affidavit of the sureties presented to the court commissioner taking the bond, that they had property *in this state* worth in the aggregate

the sum specified in the bond. If, therefore, the statute requires that fact to be shown by the several affidavits of the sureties, the assignment is void, and the judgment should not be disturbed.

Notwithstanding the very ingenious argument of the learned counsel for the plaintiff in support of the opposite view, it seems very clear to our minds that the statute requires such fact to be shown by the affidavits of the sureties, and that in no other way can it be made to appear that they have the requisite property in this state. The plain meaning of the statute is, that the assignment shall be void unless the sureties shall satisfy the officer taking the bond that they have the requisite amount of property *in this state*, and that this can only be done by the affidavits of the sureties themselves. Without such affidavits the officer cannot be satisfied of the fact so as to give validity to the assignment. To hold otherwise would, it seems to us, be doing violence to the plain language of the statute, as well as to the manifest intention of the legislature. The statute was enacted for the protection of the creditors of persons in failing circumstances who might see fit to make a voluntary assignment of their property for the benefit of their creditors. Its principal object and purpose is to secure the proper appropriation of the debtor's property towards the payment of his debts. Hence, the legislature carefully provided that the assignee who takes the property and its proceeds shall give ample security for the performance of his trust, and to that end special precautions were prescribed to prevent the acceptance of irresponsible sureties. The affidavits of the sureties furnish the best evidence of the location of their property, if not of its value, and, if willfully false, perjury may be assigned upon them. Such affidavits are valuable guaranties to the creditor of the sufficiency of the sureties, and it accords with the policy and purpose of the statute to require them to be made as conditions precedent to the validity of the assignment. In view of these considerations, we

should be strongly inclined to construe the statute in the same way, even though its language was doubtful or ambiguous on the subject. For, in so far as the statute seeks to enforce the proper application of the trust funds in the hands of the assignee, it is remedial, and should be liberally construed.

The foregoing views are not in conflict with the decision of this court in *Hutchinson v. Brown*, 33 Wis, 465, although the learned counsel for the plaintiff relied greatly upon that case to sustain this assignment. There the assignment was attacked because the affidavits failed to state that the property of the sureties was not exempt from seizure on execution, but the assignment was upheld on the express ground that the statute does not require that fact to appear in such affidavits, and hence, that a proper justification in that respect should be presumed.

*By the Court.* — The judgment of the circuit court is affirmed.