## SMITH vs. McCulloch, Garnishee.

ASSIGNMENT FOR BENEFIT OF CREDITORS. *(1) What affidavits of sureties must show.   (2) Presumption from record.*
EXCEPTION: *(3) Held sufficient.*

1. A voluntary assignment for the benefit of creditors, or with a view to insolvency, is invalid, under the statute, unless it be shown by the affidavits of the sureties in the assignee's bond that they have property *within this state* worth the sum specified in the bond.    *Churchill v. Whipple*, 41 Wis., 611.

Smith vs. McCulloch, Garnishee.

2. Where the record shows an insufficient affidavit of the sureties annexed to their bond, and does not show that any other affidavit of justification was made by them, the presumption is, that they made no other.
3. The exception to the finding herein (for which see the case), *held* sufficient to raise the question of the sufficiency of the affidavits.

APPEAL from the Circuit Court for *Portage* County.

The plaintiffs are creditors of Parks and Bigler, and brought an action against them to recover their demand. Pending the action, Parks and Bigler made a voluntary assignment of their property, for the benefit of creditors, to the respondent, *McCulloch*, who accepted the trust, took possession of the property assigned, and converted a considerable portion of it into money. An affidavit of the sureties in the assignees' bond is annexed to the bond, which affidavit is in the form prescribed by the statute, except that it is not stated therein that the property of the sureties is within this state. Laws of 1858, ch. 64 (Tay. Stats., 834, § 1). No other affidavit of the sureties was read in evidence, and there is no evidence tending to show that they made any other affidavit of justification.

. The plaintiffs prosecuted their action against Parks and Bigler to judgment, and issued execution thereon; and, in aid of such execution, the respondent was duly summoned as a garnishee. The respondent answered, and issue was taken upon his answer, which was afterwards tried. The answer of the garnishee and his testimony on the trial show that, when the summons was served upon him, he had in his hands, of the proceeds of the assigned property more than sufficient to pay the plaintiff's judgment.

The court found that on the 24th of December, 1875, *McCulloch* executed a bond with two sureties, *in conformity with* sec. 1, ch. 63, R. S., as amended by ch. 64, Laws of 1858; and the plaintiffs excepted to this finding, "and to each and every part thereof, for the reason that such finding is contrary to the evidence; that it appears upon the face of the instrument purporting to be said bond, that it was originally dated

on the 25th of December, 1875, which date was subsequently changed; and that no evidence was offered on the part of said garnishee, tending to show when said instrument was executed, or to explain said alteration."

Holding the assignment valid, the circuit court rendered judgment dismissing the proceedings against the garnishee, and awarding costs against the plaintiffs; and the latter appealed from the judgment.

For the appellants, a brief was filed, signed by *H. W. Lee* as attorney, and by *Cottrill & Cary*, of counsel; and the cause was argued orally by *Mr. Cottrill*. They contended, among other things, that the assignment was invalid because there was no proper justification by the sureties. *Churchill v. Whipple*, 41 Wis., 611.

For the respondent, a brief was filed by *Jones & Sanborn*, and the cause was argued orally by *D. Lloyd Jones*. They contended that exceptions must be specific, so as to apprise the opposite party of the objection to be urged in the appellate court (*Gilman v. Thiess*, 18 Wis., 528); that there was no exception in this case properly raising the question whether the justification of the sureties was sufficient; that the statute requires the sureties on such a bond merely to *satisfy the officer*, by their affidavits, that they have sufficient property within this state, etc. (Tay. Stats., 843, § 1); that the statute does not require the affidavits to be filed; that it must be presumed, in the absence of proof to the contrary, that the officer did his duty and was duly satisfied by proper affidavits; and that the case is not within *Churchill v. Whipple*, where it was admitted that no affidavit was made showing that the property of the sureties was within this state.

LYON, J. This case is ruled by that of *Churchill v. Whipple*, 41 Wis., 611, in which it was held that a voluntary assignment for the benefit of creditors, or with a view to insolvency, is invalid under the statute, unless it be shown by the affi-

davits of the sureties in the assignee's bond, that they have property *within this state* worth the sum specified in the bond.

The learned counsel for the respondent argues, that, in the absence of any affirmative evidence that the affidavit of the sureties annexed to the bond was the only affidavit of justification made by them, there is a presumption, in favor of the validity of the assignment, that the statutory affidavit was made by them, notwithstanding their affidavit annexed to the bond, and the only one read in evidence, is fatally defective.

It may be that such would be the legal presumption, were the record silent on the subject; but here the record discloses that the sureties did not make the required affidavit, by disclosing what affidavit they did make. *Bohlman v. Railway Co.*, 40 Wis., 157, 168, and cases cited.

It is further claimed that the exceptions are insufficient to raise the question of the sufficiency of the affidavit; but we think the exceptions are sufficient for that purpose.

*By the Court.* — The judgment of the circuit court is reversed, and the cause remanded for further proceedings according to law.