Hammel and others vs. Schuster, Garnishee, etc.

---

HAMMEL and others, Appellants, vs. SCHUSTER, Garnishee, etc., Respondent.

*March 17 — April 6, 1886.*

VOLUNTARY ASSIGNMENT. *(1) Amount of bond. (2) Form of affidavit of sureties. (3) County judge may draw papers and approve bond. (4) Misconduct or fraud of assignee.*

1. An assignee's bond in a sum equal to the actual nominal value of the assets of the assignor, is sufficient, although the values stated in the inventory afterwards filed exceed the amount of the bond. The law does not require the inventory of the property to state its value.

2. An affidavit of the sureties on the assignee's bond, stating that "each for himself deposes and says as follows: That I reside as in said bond stated, and am worth the sum of the said George L. Lloyd twelve thousand dollars, and the said D. Dickinson three thousand dollars, in property situate in this state, over and above all debts, liabilities, and exemptions, and am a freeholder in the state of Wisconsin" — *held* sufficient.

3. An assignment is not void because the county judge who approved the bond and to whom it was delivered, also drew the assignment papers.

4. Evidence of fraud, misconduct, or misappropriation by the assignee after the property has come into his hands by virtue of an assignment in good faith, cannot defeat the assignment.

APPEAL from the Circuit Court for *Clark* County.

Garnishment. The facts are sufficiently stated in the opinion. At the close of the plaintiffs' testimony a motion for a nonsuit was granted, and from the judgment entered accordingly in favor of the garnishee, the plaintiffs appealed.

*R. J. MacBride*, for the appellants, contended, *inter alia*, that when facts are required to be proved by affidavit, such affidavit must contain averments sufficiently precise and unequivocal to sustain an indictment for perjury if the facts are untruly stated. Bacon's Abr. AFFIDAVIT (C); *Watson v. Walker*, 1 Moore & S. 437; *Regina v. M. & L. R. Co.* 3 Nev. & P. 439; *Gaddis v. Durashy*, 13 N. J. Law, 324; *Peers v. Carter's Heirs*, 4 Litt. (Ky.), 268; *People ex rel. Cook v. Becker*, 20 N. Y. 354; *Lathrop v. Snyder*, 16 Wis. 293; *Bowen v. Slocum*, 17 id. 181; *Miller v. Munson*, 34 id. 579; *Mairet v. Marriner*, id. 582; *Goodyear Rubber Co. v. Knapp*, 61 id. 103; *Lambert v. People*, 76 N. Y. 220. Under sec. 2852, R. S. it was unlawful for the county judge to draw the papers. No one can come into court and ask assistance of the law who founds his claim upon a contravention of the laws. See Cooley's Con. Lim. 410–413; *Hurd v. Jarvis*, 1 Pin. 475; *Peninsula R. Co. v. Howard*, 20 Mich. 18; *Stockwell v. B'd of White Lake*, 22 id. 341; *Coffin v. Cottle*, 9 Pick.

287; *Sigourney v. Sibley*, 22 id. 507; *Gay v. Minot*, 3 Cush.
352; *Hall v. Thayer*, 105 Mass. 219.

For the respondent the cause was submitted on the brief
of *Sturdevant & Sturdevant*. To the point that no assign-
ment can be avoided as fraudulent by showing that the as-
signee mismanaged the estate, converted the property to
his own use, or was guilty of wasting or destroying the
property committed to his care, they cited *Cuyler v.
McCartney*, 40 N. Y. 221; *Meeker v. Sanders*, 6 Iowa, 62;
*Savery v. Spaulding*, 8 id. 239; *Beck v. Parker*, 65 Pa. St.
262; *Guerin v. Hunt*, 6 Minn. 375; *Hempstead v. Johnson*,
18 Ark. 123; *Mathews v. Poultney*, 33 Barb. 127; *Cox v.
Platt*, 32 id. 126; Burrill on Assignments, sec. 351; *Ward
v. Tingley*, 4 Sandf. Ch. 476; *Brigham v. Tillinghast*, 15
Barb. 618; *Bank of Silver Creek v. Talcott*, 22 id. 552;
*Forbes v. Scannell*, 13 Cal. 242; *Browning v. Hart*, 6 Barb.
91; *Klapp's Assignees v. Shirk*, 13 Pa. St. 589; *Shattuck v.
Freeman*, 1 Met. 10; *McGuire v. Faber*, 25 Pa. St. 436;
*Governor v. Campbell*, 17 Ala. 566; *Gates v. Labeaume*, 19
Mo. 17; *Pierce v. Jackson*, 2 R. I. 35; *Bates v. Simmons*, 62
Wis. 69.

TAYLOR, J. The respondent was summoned as garnishee
in an action by the appellants against the firm of Canon
Bros. The respondent claims to be the assignee of the firm
of Canon Bros. under an assignment made by them on the
23d of February, 1883, to him, as their assignee for the
benefit of their creditors. The appellants attack the assign-
ment as void in law on account of certain alleged defects
therein, and as void in fact because it is alleged that it was
made to defraud, hinder, and delay the creditors of the
assignors.

The learned counsel for the appellants claims that the
assignment is void in law (1) because the bond was given
for only $15,000, when it is claimed that the nominal value

of the assets was $21,000; (2) because the affidavit of the sureties to the bond is not in the form prescribed by law; (3) because the county judge to whom the bond was delivered was a creditor of the assignors; (4) because the county judge to whom the bond was delivered drew up the assignment papers; (5) because the firm property of the assignors was the only property assigned.

The *first* objection is not sustained by the evidence. The only ground for stating that the bond is not for the nominal value of the assets is based upon values stated in the inventory afterwards filed in the case. The law does not require that the inventory of the property should state its value; and the other evidence in the case shows that the bond was in fact for an amount much exceeding the value of all the assets of the firm delivered to the assignee.

The *second* objection as to the sufficiency of the affidavit of the sureties is not well taken. The following is the form of the affidavit:

"*State of Wisconsin, Clark County — ss.:* George L. Lloyd and D. Dickinson, the sureties in the above and foregoing undertaking, being severally and duly sworn, each for himself deposes and says as follows: That I reside as in said bond stated, and am worth the sum of the said George L. Lloyd twelve thousand dollars, and the said D. Dickinson three thousand dollars in property situate in this state, over and above all debts, liabilities, and exemptions, and am a freeholder in the state of Wisconsin.

[Signed] "GEO. L. LLOYD,
[Jurat.] "D. DICKINSON."

It is insisted by the learned counsel that the sureties each testifies that he is worth the sum of the said George L. Lloyd, and not that George L. Lloyd is worth $12,000 and Dickinson $3,000. If we place a comma after the words "the sum of" there will be no difficulty in determining what the sureties testified to. So punctuated, George L.

Lloyd testifies that he is worth $12,000, and D. Dickinson that he is worth $3,000, over and above, etc. We think the affidavit of the sureties sufficient.

The *third* objection, that the county judge was a creditor of the assignors, does not appear to be sustained by the evidence. He says he is not a creditor of the assignors, and was not at the time the assignment was made, and there is no evidence showing the contrary. He is not named as a creditor in the schedule of creditors.

*Fourth.* It is insisted the assignment is void because the county judge who approved the bond, and to whom it was delivered, drew the assignment papers. There is nothing in the statute prohibiting the county judge from drawing the assignment papers, and the fact that he did, does not render the assignment void. The section of the statute cited (2582, R. S.) prohibits a judge from giving "advice to parties litigant in any matter pending before him, or which he has reason to believe will be brought before him for decision, or draft or prepare any papers or other proceedings relating to such matter or action." The making of an assignment is not an action, and the assignor and assignee are not parties litigant in a matter pending before the county judge. All the judge has to do with the case is to see that the bond is in the form, and that the sureties justify as, required by law, and that the proper indorsements are made thereon by the assignees. He can do this as well when he draws the bond as when it is drawn by some other person.

The *fifth* objection is not now urged. An assignment by a partnership of partnership property alone was held valid by the court in *Auley v. Osterman, ante,* p. 118; *Rumery v. McCulloch,* 54 Wis. 565.

It is urged by the learned counsel for the appellants that the evidence in the case is such as to require the court to submit to the jury the question whether the assignment

was not fraudulent in fact as to the creditors of the assignors. After a careful reading of the evidence we find nothing which indicates that the assignors, before or at the time of making the assignment, had any intention of defrauding their creditors, or hindering or delaying them in the collection of their debts, except such delay as would necessarily result from making an honest and fair assignment for their benefit. All the acts brought out in the evidence which tend to show a want of good faith on the part of the assignee relate exclusively to his acts and doings after the assigned property came to his hands by virtue of the assignment; and there is no evidence which tends to connect the assignors with any of the acts of the assignee which are complained of as evidencing a fraudulent intent on his part.

When an assignment "is made in good faith by the assignors, and without any fraudulent intent, it cannot be defeated by proof that the assignee abused his trust, misappropriated the property, or acted dishonestly in its disposal." Burrill, Assignm. § 351, and cases cited in the notes. See, also, the long list of cases cited by the respondent in his brief in this case. The creditors are supposed to be protected against the fraudulent and negligent acts of the assignee by the bond given by him at the time the assignment is made. We find no error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.