# Farwell and others, Appellants, vs. Webster, Garnishee, etc., Respondent.

*March 28 — April 17, 1888.*

*Voluntary assignment: Perfecting insufficient bond, etc.: Execution by one partner on Sunday.*

1. The sureties upon the bond of an assignee for the benefit of creditors failed to justify as the statute requires, and the court commissioner omitted to indorse upon the bond and copy of the assignment the proper certificates. The bond was not left with the court commissioner, but was filed with the clerk of the circuit court by some other person. Afterwards the bond was withdrawn and redelivered to the assignee, and was then perfected, and the perfected bond, with a copy of the assignment, with the proper indorsements, was again filed with the clerk, three days after the first filing, and before the rights of any creditors had intervened. *Held*, that the failure to comply with the statute in the first instance should not avoid the assignment, notwithstanding sec. 1695, R. S., requires that the bond shall, "*immediately* after its execution," be filed, etc.

2. A voluntary assignment duly executed and delivered by one of two partners on a secular day is not invalidated by the fact that the other partner signed it on Sunday.

APPEAL from the Circuit Court for *Barron* County.

Garnishment. The plaintiffs, who are judgment creditors of John Lindstrom and William Cholerton, appealed from a judgment in favor of the garnishee. The facts will sufficiently appear from the opinion.

For the appellants there was a brief by *C. D. Tillinghast*, and oral argument by *H. H. Hayden*.

[No appearance for the respondent.]

Cole, C. J. The garnishee claimed to hold the property of the principal debtors under a voluntary assignment made by them for the benefit of creditors. The assignors, Lindstrom and Cholerton, were doing a mercantile business

at Chetek, in Barron county.    We infer from the evidence that Lindstrom had charge of the business and managed it for the firm, and that his partner resided at Richland Center, quite a distance from Chetek.    It appears that Lindstrom executed the assignment at Chetek on Saturday, the 24th of January, 1885, and Cholerton executed it on Sunday, at Richland Center.    On Monday, the 26th, the assignment was delivered to the garnishee, being the assignee, who attempted to qualify by giving the requisite bond and taking possession of the assigned property.    But the sureties of the bond failed to justify as the statute requires, and the court commissioner omitted to indorse upon the bond and copy of the assignment the proper certificates. Nor was the bond left with the court commissioner, as it should have been, but was retained by the assignee, or by some one for him, and was filed by some one with the clerk of the circuit court on the 26th of January.    The assignee, learning that the bond was defective, afterwards took it from the files and redelivered it to Lindstrom, who delivered it back to the assignee.    The sureties justified before the commissioner, and the perfected bond, with a copy of the assignment with the proper certificates or indorsements thereon, was filed with the clerk on the 29th of January. The assignee surrendered the possession of the property to Lindstrom, and did not interfere with it until he had made and filed the perfected bond.    The garnishee proceedings in this case were not commenced until some fourteen days after all this was done.

Now, the question arising upon these facts is, Was the garnishee liable to the plaintiffs, or had he the right to hold and dispose of the assigned property under the assignment? We concur with the court below in the opinion that he was not liable as a garnishee, and that the assignment was good to transfer the title to the property, notwithstanding the defects in the execution of the assignment as originally

made; for while the statute provides that the bond "shall *immediately* after its execution, together with a full and true copy of the assignment," be filed by the officer taking the same in the office of the clerk of the circuit court, yet this language must have a reasonable construction, and was not intended to prevent or preclude the assignee from perfecting his bond without unreasonable delay, when he had failed to comply with some requirement of the statute in the first instance. The bond as first executed was clearly insufficient for want of the justification of the sureties, and the assignee had no right to take possession of the assigned property under it; but still, without delay, an unobjectionable bond was executed and filed in the proper office, before the rights of any creditor had attached to the assigned property. We think the assignee substantially complied with the statute, and that the assignment should not be avoided by reason of his failure to comply with its requirements in the first instance. Had the rights of the plaintiffs intervened before a good bond was executed and filed, a different question as to the liability of the garnishee would be presented.

But there is a further objection taken to the assignment, which is that Cholerton executed it on Sunday. Does that fact render the assignment void? Lindstrom was the partner managing the business; Cholerton, the other partner, not being present. It may well be that Lindstrom, under the rule established in this state, would not have the power to execute the assignment without the consent of his partner. This certainly is so where the partner is present and can be consulted in the matter. *Brooks v. Sullivan,* 32 Wis. 444. But where one partner has absconded, or is absent so that he cannot be consulted, and the responsibility of the business is thrown entirely upon the remaining partners, a different rule prevails. Burrill, Assignm. (5th ed.), 107 *et seq.* And the law is well settled that a general as-

signment without preferences, made by one partner in the name of the firm, by the authority or with the consent of his copartners, will have the same effect as if made by all. *Ibid.* This proposition is so clear as to require neither authority nor argument to support it. The act of the partner making the assignment in such a case is, in legal contemplation, the act of all. In this case, of course, the assignment was made with the assent of both partners. The deed of assignment was intrusted by Cholerton, after its execution, with his partner, with implied authority to deliver it to the assignee; and it was so delivered and redelivered on a secular day. Under the circumstances, though Cholerton signed the instrument on Sunday, yet that fact should not invalidate the assignment, when it is obvious he intended to assent to the assignment, and impliedly gave authority to Lindstrom to make a good delivery of it. Where the non-assigning partner is not consulted, yet ratifies the act of his partner in making the assignment, or the circumstances are such as to furnish reasonable grounds for inferring that he intended to confer upon the assigning partner authority to do the act for the firm, there the assignment, if fairly made, will be held *prima facie* valid. In *Rumery v. McCulloch*, 54 Wis. 565, there was an assignment, with defective justification of the sureties, of partnership property, executed by both partners. One of the partners left the state, and the other partner afterwards, without the knowledge of the absent partner, executed in the firm name a second assignment of the same property to the same assignee, to correct the defect in the first, and the assignment was held valid for all purposes. Mr. Justice ORTON, in his opinion, says: "We may presume and infer from the execution of the first assignment by Parks [the absent partner] his design and intention to make an effectual assignment, and imply therefrom authority and consent that such assignment should be made by Bigler effectual for the pur-

poses expressed in it, and to correct the same, if necessary to that end, either by another assignment or in any other proper way; and we think it proper to hold in this case that such authority and consent are clearly implied, because Parks has never made any objection to either assignment, and no rights have intervened between the first and second assignments which would render the making of the second, for the purpose of correcting the first, wrong or improper." In *Coleman v. Darling*, 66 Wis. 155, an assignment was made by one partner without the knowledge of the other partners, who were present at their place of business and might have been consulted. The question in the case was whether the non-assigning partners afterwards assented to and ratified the assignment. The implication from the opinion is that such ratification might be made, but was not made in that case until after the rights of third parties had intervened. In the light of the authorities, we therefore conclude that, though Cholerton signed the assignment on Sunday, yet this fact alone did not invalidate it. The instrument would not take effect until delivered, and there was a good delivery upon a secular day by Lindstrom, who had undoubted authority to make such delivery and bind the firm.

We do not understand that any other objection is taken to the assignment; consequently we hold it sufficient to convey the property of the partnership to the assignee for the purposes specified in the instrument.

*By the Court.*— The judgment of the circuit court is affirmed.