City Motor Company, Appellant, vs. Nelson and others, imp., Respondents.

*April 7—May 10, 1932.*

220

For the appellant there was a brief by *Bundy & Bundy* of Menomonie and *Bundy, Beach & Holland* of Eau Claire, and oral argument by *R. E. Bundy* and *William H. Bundy*.

For the respondents there was a brief by *Willis E. Donley* of Menomonie and *White & White* of River Falls, and oral argument by *Ferris M. White*.

WICKHEM, J.   The plaintiff leased certain premises to the defendants Armour C. Schultz and Chris Nelson, and by the same instrument the defendants Mrs. Chris Nelson, Agnes Kolkind, and Even Nelson guaranteed that the lessees would pay all rent and perform all the covenants of the lease.   The lease was dated February 18, 1928.   It was found by the jury to have been signed by all parties on February 19th, which was Sunday.   After the instrument was signed by the parties it was left in the possession of Chris Nelson, one of the lessees and principals, to deliver to the lessor.   Nelson kept both copies until Monday morning, at which time he delivered a copy to the plaintiff and entered into possession of the premises with his co-lessee.

The case presents a very narrow question of law. The signing of this lease on Sunday would not affect its validity provided its delivery was upon a secular day. *O'Day v. Meyers,* 147 Wis. 549, 133 N. W. 605; *Farwell v. Webster,* 71 Wis. 485, 37 N. W. 437. Hence, there is no claim made that the lease was not valid, delivery of the lease having been made on a secular day by one of the lessees.

The only question is as to the liability of the sureties. While the lease carried the entire obligation of both the sureties and the lessees, and while it was actually delivered upon a secular day by one of the lessees in such a way as to make it a valid lease, defendants contend that the suretyship contract depends for its validity solely upon the authority or agency conferred upon the lessee, Chris Nelson, to deliver the guaranty on behalf of the sureties. Since that authority was created on Sunday, it is claimed to be entirely void, thus leaving the lessee without authority to deliver the guaranty at any time. The contention is based upon the language of this court in *King v. Graef,* 136 Wis. 548, 117 N. W. 1058: "It follows that, in determining the rights of the parties here, the Sunday transaction must be eliminated from consideration." Several cases in other jurisdictions sustain the contention of the defendants. *Davis v. Barger,* 57 Ind. 54; *Kryzminski v. Callahan,* 213 Mass. 203, 100 N. E. 335; *Clough v. Davis,* 9 N. H. 500. In the latter case the court said:

"If, however, a secular contract made on the Sabbath is prohibited, and therefore void, the authority to the agent, for the same reason, is equally against law, and void."

It is our conclusion that neither the contention of the defendants, nor the cases that support it, is sound. The statute prohibits the enforcement of contracts executed on Sunday. A contract signed on Sunday and delivered on a secular day does not fall within the prohibition. It follows that the

222

signature, which is as essential to the existence of the contract as its delivery, cannot be treated as void because made on Sunday; neither, we think, can the mere authority to deliver. The signature and the authority to deliver are mere steps in the execution of the contract, and the validity of the whole transaction is determined by the time at which it was given inception by delivery. *State v. Young,* 23 Minn. 551; *Evansville v. Morris,* 87 Ind. 269, 44 Am. Rep. 763. Although the contention here made did not receive comment in the opinion, this court sustained a contract under similar facts in *O'Day v. Meyers, supra.*

For the foregoing reasons, it follows that the judgment must be reversed.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in accordance with the demands of the complaint. By reason of the failure of the appellant to comply with rules with reference to synopsis of argument in briefs, no costs will be taxed for printing brief.