## HUTCHINSON and others vs. BROWN.

ASSIGNMENT FOR BENEFIT OF CREDITORS: (1) *Bond for real value of assets sufficient.* (2) *"Nominal value" construed.* (3) *Requisites as to justification of sureties.* (4) *Presumptions in favor of officer taking bond.* (5) *Certificate of officer.*

EVIDENCE: (6) *Value of property, opinions of witnesses when admissible.*

1. In a *voluntary assignment* for the benefit of creditors, under ch. 64, Laws of 1858 (R. S., pp. 411–413), a *bond* given by the assignee for the *full* and *real* value of the assets assigned, as the same was determined by the affidavits of the assignor and another person, *held* to be sufficient, although affiants did not state that the value fixed by them was the "nominal value," in the language of the statute.

2. *It seems* that the words "nominal value," in said statute, must be taken to mean the value *named in the affidavits;* and this should always be the *actual value* of the assets, or what may be expected to be realized from their sale and conversion into money.

3. In such cases the statute does not require a *justification*, in form, by the sureties, but only that the officer taking the bond be *satisfied* by the affidavits of the sureties, " that the property of such sureties (being within the state) is worth in the aggregate the sum specified therein." And a certificate of satisfaction from such officer, obtained in the manner specified and indorsed upon the bond, renders the bond valid in this respect, unless fraud or imposition is shown.

4. It must be *presumed*, in favor of the action of the officer taking the assignee's bond, (1) That the responsibility of the sureties was sufficiently testified and made known to him before his indorsement of satisfaction was made; and (2) That he was satisfied that such sureties owned the required amount of property, *exempt from execution, over and above all debts and liabilities*, though the statute does not in terms so require.

5. It is no objection to the validity of such an assignment, that the officer who took the bond *did not state in his certificate* that the indorsement by the assignee, upon the copy of the assignment, of his consent to accept the trust, was made before the delivery of such copy to the officer.

6. On a question as to the value of property, the *opinion of a witness* shown to be competent is admitted by this court; and it is no objection to a general assignment for the benefit of creditors, that one of the witnesses made oath to the value of the assets, in his " opinion and belief."

APPEAL from the Circuit Court for *Jefferson* County.

The plaintiffs brought their action against *Brown*, as garnishee of one Hilke, defendant in attachment. The evidence disclosed that Hilke had made a voluntary assignment to *Brown* of all his goods, chattels and choses in action for the benefit of his creditors, with certain preferences declared in the assignment. The assignment was in due form, and was acknowledged by the assignor, and bore the indorsement of *Brown* as assignee, accepting the trust thereby created. It also bore the indorsement of a court commissioner, certifying that *Brown* had made his indorsement of acceptance in presence of the officer. The assignee gave bond in the sum of $7,000, conditioned for the faithful performance of his trust. Accompanying this bond was an affidavit of Hilke, the assignor, stating that "the value of all the property this day assigned to *Peter V. Brown*, is seven thousand dollars, and that said sum is the full value thereof." Also an affidavit of one Bleifernicht, stating that he was well acquainted with the property assigned, and that, "in his opinion and belief, the whole and full value of said property is seven thousand dollars." The affidavit of one of the sureties upon the bond stated that he was a "resident and freeholder of this state, and that he is worth the sum of ten thousand dollars, over and above all his debts, in property, within the said state of Wisconsin." The affidavit of the other surety stated that he was a freeholder and a resident of the state of Wisconsin; "that the property of this deponent, situate and being in this state, is worth the sum of five thousand dollars; and that he is worth that sum over and above all his debts." The certificate of a court commissioner was annexed as follows: "I hereby certify that I am satisfied that the property of the sureties to the within bond is of the value of seven thousand dollars, and that the same is within this state, and that said sureties are residents and freeholders in this state."

*Brown* testified that the goods invoiced $6,020.94, and the book accounts amounted to $1,426.45, two-thirds of which had

been paid and offset; that he had realized on the sale of the assigned goods $4,659.90, which he regarded as their fair value, and $83.82 on book accounts, which was all he could collect after diligent effort; that he had paid the creditors of the first class in full before service of garnishee process, and that, after deducting his expenses, there was left in his hands the sum of $951.55. The court instructed the jury to find for defendant. Verdict and judgment accordingly; and plaintiffs appealed.

*Mariner, Smith & Ordway*, for appellants, contended that the assignment was invalid for noncompliance with ch. 64, Laws of 1858, because the assignee's bond was not equal to the " nominal value " of the assets. The assignment was also void because, whatever might be the nominal value of the goods, that value was not " ascertained by the oath of the assignor, and of one or more witnesses," in the manner prescribed by the law of 1858. The affidavits do not show that the nominal value was ever ascertained. The word " nominal," as used in the statute, indicates a feigned value, large enough to cover any amount which the assets may foot up. This value must be ascertained by the oath of the assignor and a witness, and an averment of opinion and belief does not meet the requirement of the statute. Such affidavits prove nothing, unless suitable *facts* are sworn to, from which the opinion and belief can be logically deduced. The bond is also defective, in that the sureties do not justify as to their respective resposibility in such manner as to legally satisfy the officer taking the bond. The affidavits show no property owned by either surety liable to creditors; they may be true in every particular, and yet the statutory exemption cover the whole of the property owned by the sureties. The assignment is also defective, because the officer failed to certify that the indorsement by the assignee of his acceptance, upon the copy of the assignment, was made before the delivery of the copy to the officer.

*Enos & Hall*, for respondent, argued that, the bond being ample, the law did not make the assignment void for any in-

formality in ascertaining the correct amount, protection to creditors being the chief object to be obtained. The utmost which the affidavits could do, was to name what, in their opinion, was the value of the assets, and this is simply the named or "nominal" value. The only purpose of the affidavits is to name the value, which becomes the nominal value, within the meaning of the statute. See *Brahe v. Eldridge*, 17 Wis., 184.

DIXON, C. J. The validity of the assignment is attacked on the ground that the bond executed and delivered by the assignee did not conform to the requirements of the statute. Laws of 1858, ch. 64, sec. 1; R. S., ch. 63; Tay. Stats., 843, § 1. The statute requires "a bond in such sum not less than the whole amount of the *nominal* value of the assets of such assignor, which value shall be ascertained by the oath of one or more witnesses and of the assignor;" and the objection taken is, that the bond was not given in that sum. The value of the assets, as ascertained by the oath of the assignor and one witness, was $7,000, and the bond was given for that sum. The assignor made oath that such was "the value of all the property this day assigned," and the witness, that the same was "the whole and full value of said property." The point of the objection is, that the value as thus ascertained was the *real* instead of the *nominal* value of the assets, and that bond was given for that sum instead of for the nominal value. The objection thus taken savors very strongly of nicety, and an over-scrupulous regard for literal statutory construction. Precisely what the legislature intended by the words "nominal value," or whether anything substantially different from the real or true value was meant, is not perhaps easy to say. It is, however, easy to observe, and the truth of the observation will be readily perceived, that a bond given in a sum equal to the full value of the assets, or all that they are worth, or that may be expected to be received or realized from the sale and conversion of them into money by the assignee, will satisfy the real object the legislature had in view, and accomplish the substantial purpose of the enactment. Such

a bond was given in this case. The sum equaled, indeed exceeded, as the course of subsequent events showed, the full actual value of all the assets or property of the assignor which came to the hands of the assignee. Such being the facts, we are wholly disinclined to hold the bond insufficient or the assignment void because the value fixed by the witnesses was not stated by them to have been the "nominal value," in the words of the statute, in place of the full value as expressed in their affidavits. Protection to the creditors being the great and only object aimed at by the statute, and that object being fully attained, we cannot pronounce the bond insufficient. If need be we should say, and such we are disposed to look upon as the true construction, that the "nominal value" of the statute is the value *named* by the witnesses, and that a bond given in the full value or real value, as ascertained in the manner prescribed by the statute, will in all cases be sufficient.

Objection is also taken to the affidavits of the sureties, who, it is said, did not justify their responsibility on oath in a manner legally to satisfy the officer taking the bond. The statute does not require a justification in form, as in other cases. The language is, "who shall each testify as to his responsibility, and by their several affidavits satisfy the officer taking such bond, that the property of such sureties (being within this state) is worth in the aggregate the sum specified therein." The officer certified his satisfaction in writing upon the bond, and the affidavits of the sureties were in compliance with the requirements of the statute. It is the officer who is to be satisfied; and his certificate being obtained in the manner prescribed by the statute, the bond is in this respect valid, unless fraud or imposition is shown. It must be presumed in favor of the action of the officer, that the responsibility of the sureties was sufficiently testified and made known before the making of his indorsement; and it must also be presumed, though the statute does not in terms require it, nor that the facts shall be stated in the affidavits, that it was shown, or that the officer was

satisfied, that the property of the sureties was such as was not by law exempt from forced sale on execution, and that the sureties owned and possessed the same over and above all their just debts and liabilities.

The objection that the officer did not state in his certificate that the indorsement by the assignee upon the copy of the assignment, of his consent to accept the trust specified in the original instrument, was made *before* the delivery of such copy to the officer, is without the least weight or significance, in our minds. The statute does not require the officer thus to certify, and the only rational inference which can be drawn is, that the indorsement was made before delivering the copy, because the assignee would have no opportunity to make it afterwards, and because otherwise the officer could not have made his certificate.

And the objection, also, that one of the witnesses to ascertain the value of the assets made oath to the same "in his opinion and belief," cannot prevail. The value of property is not a matter or fact to be sworn to positively, but only to be stated upon opinion or belief. Some courts exclude such testimony altogether, holding it to be a question upon which the opinions of witnesses are not to be received. Others, and among them this court, hold the opposite rule, and that such opinions of witnesses shown to be competent are admissible. It can not invalidate the testimony, which is at most but matter of opinion and belief on the part of the witness, that he so expressly states it.

These views, we believe, sufficiently dispose of the present case, and render a consideration of the other questions unnecessary.

*By the Court.*—Judgment affirmed.