AULEY and another, Assignees, etc., Appellants, vs. OSTER-MAN, Respondent.

*November 10, 1885 — February 2, 1886.*

VOLUNTARY ASSIGNMENT. *(1) Partnership: Individual property need not be assigned. (2) Bond of assignee: Affidavit of sureties must show them to be freeholders. (3) Evidence: Assignment void as to creditors, when admissible. (4) Tender of judgment: Estoppel.*

1. An assignment by a firm of all the partnership property for the benefit of the creditors of the firm is not invalid merely because the individual property of the partners was not also assigned.

2. If the affidavit of a surety on the bond of the assignee fails to show that such surety is a freeholder of this state, the assignment is invalid.

3. In an action of trespass to personalty the plaintiffs claimed to be assignees for the benefit of creditors, and the defendant alleged that he seized the property, as sheriff, under an attachment issued at the suit of a creditor of the plaintiffs' assignors. On the trial the plaintiffs offered in evidence the assignment to them, and also introduced as a part of their case the record of the attachment proceedings under which the defendant claimed to have acted. The assignment was objected to on the ground that it appeared upon its face to be void. The plaintiffs did not state that it was offered merely to show that the title had been transferred to them as between them and the assignors. *Held,* that it would be presumed, on appeal, that the assignment was offered to defeat the defendant's defense as a representative of a creditor of the assignors, and, the assignment appearing on its face to be void as to creditors, there was no error in excluding it.

4. In an action for a trespass to personalty a tender, in the answer, of a judgment for nominal damages and costs and a release of the property was refused. *Held,* that the defendant was not estopped on the trial to deny the plaintiff's title.

APPEAL from the Circuit Court for *Price* County.

The case is sufficiently stated in the opinion. The plaintiffs appealed from a judgment in favor of the defendant.

*Willis Hand*, for the appellants, contended, *inter alia*, that on the pleadings the question of title or right of possession was not involved. The answer admits the wrongful seizure and therefore tenders back the property. That admission is conclusive against the defendant. 1 Sutherland on Damages, 468 *et seq.; Monroe v. Chaldeck*, 78 Ill. 428; *Currier v. Jordan*, 117 Mass. 260; *Denton v. White*, 26 Wis. 686; *Manegold v. Dulan*, 30 id. 541. The assignment is valid as against the defendant, who does not appear to be a creditor of the assignors. R. S. sec. 1694; *Norton v. Kearney*, 10 Wis. 452–3; *Lincoln v. Cross*, 11 id. 91; *Rumery v. McCulloch*, 54 id. 565.

*Adolf Herdegen*, for the respondent, to the point that an assignment, to be valid, must cover the whole estate of the debtor, cited *Alkan v. N. H. Ins. Co.* 53 Wis. 145–6; Burrill on Assignments, secs. 94, 122, 135; *Brashear v. West*, 7 Pet. 608.

The following opinion was filed December 1, 1885:

TAYLOR, J. The appellants brought an action in trespass against the respondent for wrongfully taking and converting to his own use certain personal property which they claimed was in their possession in trust, as assignees for the benefit of the creditors of A. P. Morner & Co., and claimed damages in the sum of $600. The defendant answered (1) a general denial of all the allegations of the complaint not afterwards admitted; (2) that at the time of the alleged taking of said property, A. P. Morner & Co. (consisting of A. P. Morner and K. A. Ostergren) were indebted to "The Brand Stove Company, Limited," in the sum of $498.83, and that said company obtained an attachment out of the

circuit court of Price county against the goods of said A. P. Morner & Co. and placed said attachment in the hands of the defendant, then being the sheriff of said county, to execute, and that the defendant thereupon levied said attachment upon the goods described in the complaint, as the goods of A. P. Morner & Co.; (3) that on the 15th of March, 1885, and after the commencement of the action, the defendant tendered a release of the property of the plaintiffs, with six cents damages and the costs of the action, which tender the plaintiffs declined to accept; (4) the defendant tenders the plaintiffs a judgment for six cents damages and the costs, and the release of the property.

When the action was called for trial at the circuit the plaintiffs refused to accept the defendant's offer for judgment, and before offering any evidence on their part moved the court to instruct the jury to find a verdict in favor of the plaintiffs for the sum of $600, the amount claimed in the complaint, on the pleadings in the case. This motion was denied, for the reason that the facts shown by the pleadings entitle the plaintiffs to nominal damages only, unless special damages are shown, as a tender of the property with costs was made after the action was commenced. To this ruling of the court no exception was taken by the plaintiffs on the trial, and no motion for a new trial was made in the court below by the plaintiffs for this or any other cause. After this decision was made the plaintiffs, in order to maintain their action, offered in evidence the papers purporting to be a voluntary assignment of the property of said A. P. Morner & Co., bearing date of November 28, 1884, together with the bond and affidavits of the sureties thereto, and all the other papers connected with said assignment. The defendant objected to the receipt of these papers in evidence on the ground that they showed upon their face that such assignment was void, in not com-

plying with the statute regulating such assignments. The court excluded the evidence. To this ruling of the court exception was taken by the plaintiffs.

The plaintiffs then further offered to show a list of the property described in the complaint and the appraised value of the same, by introducing the appraisement of the same contained in the attachment proceedings in the case of *The Brand Stove Co. v. A. P. Morner and K. A. Ostergren*, showing the appraised value of such property to be the sum of $564.50. Plaintiffs also offered to show that the value of the goods taken was $564.60, and also that the property was taken by the defendant out of the possession of the plaintiffs on the 19th of January, 1885; that such property has remained out of the possession of the plaintiffs ever since and in the possession of the defendant; that the plaintiffs took possession of the property described in the complaint under the assignment as a part of the assets of the assignors; that the same was described in the inventory attached to the assignment; and that before the defendant took possession of said property he was notified by the plaintiffs that they were in possession, claiming title to the same under the assignment mentioned. All the evidence offered was excluded upon the objection of the defendant, and exceptions duly taken by the plaintiffs. The exclusion of this evidence is assigned as error by the appellants. No other evidence being offered, the defendant had a verdict and judgment for costs thereon.

The plaintiffs, in their complaint, alleged that they are owners in trust under the assignment offered in evidence. There is no claim that they had any right to the property or the possession thereof except as assignees of said A. P. Morner & Co. The answer of the defendant denied their title as assignees as well as the wrongful taking of the property by the defendant. The first answer of the defendant denies each and every allegation of the plaintiffs' complaint, except as afterwards admitted by the further answers.

There is nothing in the further answers of the defendant which admits the title of the plaintiffs, or their possession or right of possession thereof, as assignees of A. P. Morner & Co., or in fact any other right or title in the plaintiffs. Proof of an assignment from Morner & Co. to the plaintiffs was necessary to sustain the allegations of the complaint and show their right to maintain the action.

Two objections are relied upon by the learned counsel for the respondent in this court to sustain the ruling of the court in rejecting the evidence of the assignment papers: (1) That only partnership property was assigned; and (2) that one of the sureties on the bond failed to swear that he was a freeholder.

This court, in the case of *Rumery v. McCulloch*, 54 Wis. 565, held an assignment made by a partnership of partnership property only a valid assignment. It does not appear in that case that any exception was made to the assignment on the ground that it assigned only partnership property; but the rights of the parties to the action depended upon the validity of the assignment, and the assignment was held valid. The language quoted by the counsel for the respondent from the opinion in the case of *Alkan v. N. H. Ins. Co.* 53 Wis. 145, had no reference to the question of a partnership assignment. In Maryland it has been frequently held that a voluntary assignment for the benefit of creditors, made by a partnership, in which there is a stipulation that the creditors who avail themselves of such assignment shall, upon receipt of their proper proportion of the proceeds of the assigned property, release their claims against the assignors, is void, unless all the property of the assignors, both partnership and individual, is assigned for the benefit of their creditors. *Citizens' Ins. Co. v. Wallis*, 23 Md. 182, and cases their cited. In the absence of any requirement in the assignment that the creditors upon availing themselves of the benefit of the assignment shall

release their entire claims against the assignors, there does not appear to be any reason for holding the assignment of a firm of the firm property only, for the benefit of the firm creditors, void. By such assignment the creditors are presumed to get the benefit of the firm property in payment of their debts, and if the partners have individual property not assigned, such property remains liable to the payment of their debts, the same as though no assignment had been made. Previous to the enactment of the statute regulating voluntary assignments in this state, this court held that a debtor might make a valid assignment of a part of his property for the benefit of his creditors. *Norton v. Kearney,* 10 Wis. 443. That rule is undoubtedly changed by the statute, and an individual now making an assignment for the benefit of creditors must assign all his property, otherwise it would be held void. Under the present law we think a partnership may be treated as a person for the purpose of making an assignment; and when such partnership assigns all its partnership property for the benefit of the creditors of the firm, and the assignment is valid in other respects, it ought not to be held invalid because the individual property of the partners is not also assigned. But in the view we have taken of this case it is unnecessary to further discuss this point.

The second objection taken to the assignment it seems to us is well taken, and is fatal to the validity of the assignment. Sec. 1694, R. S., declares that all voluntary assignments for the benefit of creditors shall be void as to the creditors of the assignor, unless executed with the formalities mentioned in said section. The section, among other things, requires the assignee, before taking upon himself the trust under the assignment, to deliver to the county judge or court commissioner of the county in which such assignment is made, "a bond, in a sum not less than the whole amount of the nominal value of the assets of the assignor,

. . . with two or more sufficient sureties, freeholders of this state, who shall each testify to his responsibility, and by their several affidavits satisfy the officer taking such bond that the property of such sureties, being within this state, is worth, in the aggregate, the sum specified therein." The objection taken to the bond given in this case is that it does not show upon its face, nor by the affidavits of the justification of the sureties, that the surety J. H. Fewell was a freeholder of this state. The bond was in the sum of $10,000. There were four sureties. Two made affidavit that they were freeholders of this state, and were each worth $2,000; the third made a similar affidavit as to being a freeholder, and stated that he was worth $1,500; the fourth, J. H. Fewell, made affidavit that he was worth the sum of $5,000, over and above all debts and liabilities, in property in this state not by law exempt from execution, but he failed to state in his affidavit that he was a freeholder of this state. The court has repeatedly held that a failure of the assignment papers to show that the sureties have the qualifications required by the act is fatal to the assignment. *Churchill v. Whipple*, 41 Wis. 611; *Smith v. McCulloch*, 42 Wis. 564; *Scott v. Seaver*, 52 Wis. 175; *Rumery v. McCulloch*, 54 Wis. 565; *Hutchinson v. Brown*, 33 Wis. 465; *Klauber v. Charlton*, 47 Wis. 564.

In the last case cited this court held that the affidavit of the surety should not only show that he was worth a certain sum therein named in property within this state, etc., but also that he was a freeholder of the state; and that when the affidavit of the surety did state that he was a freeholder of the state, such fact was conclusive, and the assignment could not be attacked by showing that such surety was not in fact such freeholder, unless the assignee was guilty of a fraud in procuring the surety to make a false statement in regard to that fact. It was said in that case: " The statute provides that the sureties shall be free-

holders of this state, who shall each testify as to his responsibility, and by their several affidavits satisfy the officers, etc. This language, though not the most clear and unambiguous, yet, when taken in connection with the whole object of the statute, seems to us to indicate that the sureties must testify under oath to all the facts necessary to show that they are not only responsible in a pecuniary point of view, but that they have the qualifications which the statute requires, viz., that they are freeholders of the state. The fact that they are freeholders is made by the statute an essential part of their responsibility." That case is fatal to the validity of the assignment in the present case, unless it be overruled, or unless what was said as above quoted was not necessary to the determination of that case. It was urged by the learned counsel who opposed the validity of the assignment in that case, that it was not necessary that the affidavit of the surety should show that he was a freeholder; and, consequently, the fact that he was not a freeholder might be shown on the trial for the purpose of avoiding the assignment. We do not see how the argument of the counsel attacking the assignment in that case could be answered, except as it was, by holding that the fact that the surety was a freeholder must be shown by the affidavit, as well as his pecuniary responsibility; and so, being made a part of the affidavit, it could not be contradicted, except for fraud, any more than it could as to the extent of his pecuniary ability. If the fact of the surety's being a freeholder is not required to be stated in the affidavit, it would seem to follow, as a logical conclusion, that his being or not being a freeholder could be shown upon the trial either to uphold or avoid the assignment as the evidence upon that point should show.

We are not prepared to say that the case of *Klauber v. Charlton, supra,* was not properly decided, and ought to be overruled. So far as we have been able to ascertain from

the records in this court involving voluntary assignments under the statute, the affidavits of the sureties have uniformly stated that they were freeholders of the state, and this record shows that it was stated in the affidavit of the other three sureties that they were freeholders of this state. The general practice is in conformity with the decision above quoted. If it were permissible, in any case, to amend the record in the assignment proceedings by allowing the surety to supply the defect in the affidavit by a supplemental affidavit, it could not be done so as to affect the rights of parties which had attached before the supplemental affidavit was made. *Witte v. Meyer*, 11 Wis. 300; *Whitney v. Brunette*, 15 Wis. 61, 69; *Bonesteel v. Orvis*, 23 Wis. 506, 507; *Sherry v. Schraage*, 48 Wis. 95-97. In this case, when the defendant, as sheriff, attached the goods in question, the assignment was void for want of a proper affidavit of one of the sureties; and no amendment of the proceedings should be made which would have the effect of avoiding his attachment.

It is further claimed by the counsel for the appellants that the defendant is not in a position to attack the validity of the assignment, as it is not shown that he was a creditor of the assignors, or was acting for them. His answer sets up that he took the property on behalf of a creditor of the assignors upon an attachment. That was an issue in the case, and the plaintiffs based their right to recover the property on the sole ground that they held it as the assignees of the debtors against whom the attachment issued. Having undertaken to show their right to the property for which the action was brought against the sheriff, who had taken the same on an attachment against their assignors, it was not error to exclude the evidence of the assignment when it appeared that it was void as against the creditors of the assignors. Had the plaintiffs denied in court the allegation that the defendant took the goods in controversy by au-

thority from or on behalf of a creditor of the assignors, and requested that the assignment be admitted simply for the purpose of showing a transfer to them from the assignors, without regard to its sufficiency as against their creditors, it is quite likely the learned circuit judge would have admitted it for that purpose. But it is evident the offer of the evidence was not made for that purpose, but that it was offered as evidence showing their right to the property as against the creditors of the assignors as well as against all other persons.

It is also contended that because the answer set up a tender of a release of the property with costs after suit brought, and tendered the plaintiffs a judgment for six cents damages, and the costs, and a release of the property, the defendant is estopped from denying the title of the plaintiffs to the property in suit. We think, as the plaintiffs refused to accept the offer made by the defendant in his answer, and to take judgment in accordance therewith, they cannot now invoke such tender and offer of judgment as an estoppel on the defendant to deny their title. The rule of the statute upon a tender of judgment by the defendant which the plaintiff refuses to accept should apply to a case of this kind. That rule is that if the offer be not accepted " the offer is deemed to be withdrawn, and cannot be given in evidence or mentioned on the trial; and, if the plaintiff fail to obtain a more favorable judgment, he cannot recover costs, but must pay costs to the defendant from the time of the offer." R. S. sec. 2789. The plaintiffs, having failed to recover any judgment, the defendant was entitled to recover his costs incurred after the tender of judgment; and, as we understand it, the judgment in favor of the defendant for the costs was only for such costs as accrued after the offer of judgment was made.

Upon the hearing of the appeal in this case the respondent moved to dismiss the appeal for the reason that before

the appeal was taken the parties to the action had settled in regard to the subject matter of this suit, and the plaintiffs had released the defendant from any and all liability to them for the property or value thereof, or for damages for any unlawful taking thereof by him. The affidavits upon which the motion was founded fail to show that the judgment for costs in favor of the defendant in this action had been released, or that the defendant was under any obligation to release the same. We think, therefore, the settlement shown on the motion does not bar the right of the plaintiffs to appeal from the judgment against them in this action. The motion is therefore denied, and the judgment of the circuit court appealed from is affirmed.

*By the Court.*— Ordered accordingly.

Upon a motion for a rehearing, counsel for the appellants cited further, to the point that the assignment was not void as to the defendant, who was not a creditor: *Geisse v. Beall,* 3 Wis. 367; *Fargo v. Ladd,* 6 id. 106; *Remington v. Bailey,* 13 id. 332; *Jones v. Lake,* 2 id. 210; *Eaton v. White,* id. 292; *La Crosse & M. R. Co. v. Seeger,* 4 id. 268; *Schettler v. Brunette,* 7 id. 197; *Reynolds v. Vilas,* 8 id. 471; *Clemens v. Clemens,* 28 id. 651; *McCourt v. Bond,* 64 id. 596; Burrill on Assignments, 494.

The following opinion was filed February 2, 1886:

Taylor, J. The motion for a rehearing raises no new questions. The point was distinctly made by the appellant on the hearing of the appeal that the plaintiffs should have recovered notwithstanding the court properly held the assignment void as to the creditors of their assignors; and this court answered that objection by showing that the evidence offered to sustain the assignment was, in the first place, not offered with a view of establishing their right to recover against a person not representing a creditor

of their assignors, and that the attention of the circuit judge was not called to that view of the case. The answer showed that the defendant was representing a creditor; and we think the court had the right to consider the evidence offered and rejected as offered to defeat the defendant's defense as a representative of a creditor, unless it was declared at the time to have been offered merely for the purpose of showing that the title of the assignors had been transferred to them, as between the assignors and assignees. In addition to this, the record shows that the plaintiffs on the trial introduced the records of the proceedings in the attachment action as a part of their case, which attachment proceedings are set up in the defendant's answer as a defense, and which show that the defendant was acting on behalf of a creditor of the assignors in taking possession of the property in controversy. Under these circumstances we thought, and still think, that the question raised on the appeal and on this motion for a rehearing was not presented to the court below, and was not in fact in the case. See *Langley v. Wadsworth*, 99 N. Y. 61, 63.

*By the Court.*— The motion for a rehearing is denied, with $25 costs.

See note to this case in 25 N. W. Rep. 662.—REP.