PHILIP HENRY ADEE, as Receiver, etc., Appellant, *v.* CHARLES G. CORNELL, as Assignee, etc., et al., Respondents.

*It seems* that a partner who has not joined in an assignment of the firm's assets, made by his co-partner for the benefit of its creditors, may thereafter ratify the same; and where he has assented to, or shown his acquiescence in, the assignment, a creditor may not question its validity because of the non-joinder.

Plaintiff, as receiver, appointed in supplementary proceedings in an action against defendants B. and R. R. H., brought this action to set aside an assignment made by them, as composing the firm of B. & Co., to defendant C., for the benefit of the firm's creditors, on the ground that defendants L. and W. J. H. were co-partners, and not having joined in the assignment, it was void. It appeared that the assignors owned all the capital and stock in trade of the firm; L. and W. J. H. rendered services under an agreement by which they were to receive a certain portion of the profits of the business in lieu of a salary; they disclaimed any interest in the firm property, and assented to the assign-

ment. *Held*, that conceding they were partners, having acquiesced in the assignment, no one else could complain ; also, that, in any view, the assignment was good to pass all the interest of the judgment debtors in the property, and this was all plaintiff was entitled to pursue.

(Argued October 15, 1883; decided October 26, 1883.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made June 30, 1881, which affirmed a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term. (Reported below, 25 Hun, 78.)

This action was brought by plaintiff as receiver appointed in supplementary proceedings, based upon a judgment against defendants A. G. King and R. R. Hunt as the partners composing the firm of Charles Bellows & Co. The object of the action was to set aside an assignment of the firm assets made by said judgment debtor to defendant Cornell for the benefit of creditors, upon the ground that defendants A. C. Leach and W. J. Hinds were co-partners in said firm, and not having joined in the assignment it was void.

The facts so far as material are stated in the opinion.

*William A. Duer* for appellant. If there were an improper joinder of parties in the original action it matters not now, the action having been brought on a partnership debt, and the judgment having been against the firm. (*Bennett* v. *Couchman*, 48 Barb. 73 ; *Tyler* v. *Willis*, 12 Abb. Pr. 465 ; Code, § 456 ; *Robinson* v. *Gregory*, 29 Barb. 560; *Hiler* v. *Hetherick*, 5 Daly, 33 ; *Billhofer* v. *Heubach*, 13 Abb. Pr. 144; *Yates* v. *Lyon*, 61 Barb. 205.) A person interested in the profits of a business, as profits, shall, as far as third persons are concerned, be considered a partner, for· the reason that he takes that to which the creditors have a right to look for the payment of their claims. (*Waugh* v. *Carver*, 2 H. Bl. 247 ; *Grave* v. *Smith*, 2 Blackf. 998 ; *Leggett* v. *Hyde*, 58 N. Y. 278 ; *Walden* v. *Sherburne*, 15 Johns. 409 ; *Dob* v. *Halsey*, 16 id. 34, 40 ; *Chase* v. *Barrett*, 4 Paige, 148, 159 ; *Everett*

v. *Coe*, 5 Denio, 180; *Catskill B'k* v. *Gray*, 14 Barb. 470; *Bostwick* v. *Champion*, 11 Wend. 571; *Cushman* v. *Bailey*, 1 Hill, 527; *Buchanan* v. *Barnum*, 15 Conn. 67, 71; *Grace* v. *Smith*, 2 W. Bl. 998, 1000; *Waugh* v. *Carver*, 2 H. Bl. 235; *Munroe* v. *Whitman*, 8 Hun, 553.) If Leach and Hinds were held out as partners, or suffered themselves to be so held out, then it is immaterial whether or not they participated in the profits or acted as partners. (*Guidon* v. *Robson*, 2 Campb. 802; *Young* v. *Axtell*, 2 H. Bl. 242; Collier on Part., §§ 51, 56, 86; Parsons on Part. 32, 33, *133; Story on Part. 107, § 64; *Matthews* v. *Felch*, 25 Vt. 536, 539; *Holmes* v. *Porter*, 39 Me. 157; 3 Stark. on Ev. 1070; *Gurdon* v. *Robson*, 2 Campb. 303; *Ex parte Langdale*, 18 Ves. 300; 2 Kent's Com. [5th ed.] 32; *Smith* v. *Watson*, 2 B. & C. 401; *Toby* y. *Woolcott*, 2 D. & R. 458; Story on Part., §§ 64, 65; *Ewer* v. *Ambrose*, 3 B. & Cr. 746; E. C. L. 10; *Norton* v. *Seymour*, 3 C. B. 792; E. C. L. 54; *Anderson* v. *Clay*, 1 Stark. 405; E. C. L. 2; Lindley on Part. 88, 331; 1 C. & P. 614; Edm. Ch. 12.) A partnership may be proved by circumstances sufficient to establish a *quasi* partnership, which, being proved, is held to be *prima facie* evidence of a real partnership. (2 Bouvier's Law Dict. 293; *Peacock* v. *Peacock*, 2 Campb. 45; note to Parsons on Cont. *58; *Gill* v. *Kuhn*, 6 S. & R. 337; *Kerr* v. *Potter*, 6 Gill, 404; *Gilpin* v. *Enderly*, 5 Barn. & Ald. 954; *Freeman* v. *Bloomfield*, 43 Me. 391; Parsons on Cont. 86, 87; *Reboul* v. *Chalker*, 27 Conn. 114, 133 · *In re Pulsford*, 8 Ch. Div. 11.)

*John B. Pannes* for respondent. A mere liability to respond to the indebtedness of a firm does not constitute an actual partnership. (*Robinson* v. *McIntosh*, 3 E. D. Smith, 221.) There must be a joint ownership of partnership funds as well as an agreement to participate in the profits or losses of the business, to constitute a partnership as between the parties themselves. (*Post* v. *Kimberly*, 9 Johns. 470.) The agreement for sharing in the profits of a business does not establish a partnership as to third persons where such profits are shared

as a means for compensation for services only. (*Leggett* v. *Hyde*, 58 N. Y. 272; *Smith* v. *Bodine*, 74 id. 33; *Richardson* v. *Hughitt*, 76 id. 55; *Burdett* v. *Snyder*, 81 id. 550; *Curry* v. *Fowler*, 87 id. 33; *Loomis* v. *Marshall*, 12 Conn. 69; *S. C.*, 30 Am. Dec. 596.) The receiver is the representative of the judgment creditor, and acquires no greater right than the judgment creditor himself. (*Bostwick* v. *Beiser*, 40 N. Y. 383.) A court of equity will not declare void an act done in good faith and equitable to all the creditors of the insolvent firm for the sole benefit of the plaintiff in this action. (*Robinson* v. *McIntosh*, 3 E. D. Smith, 221.)

Rapallo, J. The judgment on which this action is founded was recovered against the defendants Bellows and Hunt only. Those two defendants owned all the capital and stock in trade of the firm of Charles Bellows & Co., and they assigned this property to the defendant Cornell, in trust to pay the firm debts. The plaintiff is receiver only of their property. The only ground upon which the plaintiff now seeks to impeach this assignment is that Bellows and Hunt had made an arrangement with the defendants Adam C. Leach and William J. Hinds, to give them, as a compensation for their services, in lieu of salary, a portion of the profits of the business of the firm of Charles Bellows & Co., and he claims that this arrangement made them partners in the firm, and that consequently they not having joined in the assignment to the defendant, it is void.

Leach and Hinds disclaim any interest in the partnership property, and do not appear to have objected to the assignment. They had no interest in the property, and the firm being insolvent, there are no profits. Leach in his answer sets up that no one but Bellows and Hunt is interested in the partnership property, and Hinds testified on the trial that he had drawn more than the share of profits agreed to be paid to him. It is difficult under this state of facts to see who is to dispute the title of the assignee, or to prevent him from executing his trust, whatever may be the effect of the agreement to give Leach and Hinds a part of the profits. Even if they were

partners they could ratify an assignment by the other members of the firm, and no one else would have the right to complain. In this case they appear to have assented to it, and on the trial joined in the endeavor to uphold it. It is certainly good to pass all the interest of Bellows and Hunt in the property. They are the only parties whose property the receiver is entitled to pursue, and they are the only parties who ever had any title to the property assigned to the defendant. It is useless, therefore, to enter upon the discussion whether or not a partnership relation existed between them and Leach and Hinds. It would be a mere abstract question not important to the decision of this case.

The judgment should be affirmed.

All concur.

Judgment affirmed.