NATHANIEL HOOPER et al., Respondents, *v.* WALTER S. BAILLIE
et al., impleaded, etc., Appellants.

A general assignment for the benefit of creditors, relating solely to the
property of a general partnership, all of which is personal, and reciting
that it is made by the firm to which the firm name is subscribed by one
of the partners, who declares in the certificate of acknowledgment "that
he executed the same as and for said firm (giving its name) and under its
authority and instructions of the members of said firm," is not void on
its face by reason of the manner of its execution ; such an assignment
may legally be executed in the name of the firm, by one of the partners,
if done with the oral assent of all.

*Sutherland* v. *Bradner* (116 N. Y. 410), distinguished.

In an action by firm creditors to set aside such an assignment, if the plain-
tiff desires to raise the question as to the assent of the other partners, it
should be presented by the pleading.

If so presented, the burden is upon the plaintiff to establish that the
assignment was executed without their assent.

In such an action the complaint alleged that the assignment was made
with intent to defraud; this was put in issue by the answer. It appeared
that the firm was engaged in business in New York, having a branch
house in Brazil; it was composed of three partners, two of whom resided
in New York, the other in Brazil. B., one of the New York partners,
executed the assignment; J., the other, testified that shortly before
its execution B. told him that if they did not get remittances from
Brazil they would have to make an assignment ; the witness answered
"If we must do it, then we must ;" also, that he did not remember any
other conversation with B. in reference to the assignment, but would
not swear there was none. Plaintiff also, after proving by the assignee
that he saw a cable from W., the Brazilian partner, dated before the
assignment, assenting to it without qualification, put in evidence a letter
from W. to the assignee, to the effect that he confirmed by cable the
assignment of the assets of the New York firm only, it being out of his
power to do more, as under Brazilian law it was necessary to settle
claims there before remittance of any moneys abroad. It also appeared,
and the trial court found, that W., after converting the assets in Brazil
into money and paying local claims, remitted the balance to the assignee.
The referee also found that J. never objected to or questioned the assign-
ment either before or after the execution. The assignee and one of the
assignors, called as witnesses for the plaintiff, both testified that the
assignment was made in good faith, and there was no evidence to the
contrary. At the close of the evidence the defendants counsel requested
the court to find the issue of fact in their favor; it refused, to which
defendants excepted. The court found that the assignment was made

without the authority or assent of J. and W., to which finding the defendants excepted. The court found as conclusion of law that the assignment was fraudulent and void as against plaintiffs. *Held,* that the findings were erroneous ; and that the refusal to find and the finding of fact, there being no evidence to sustain it were, under the exceptions reviewable in this court. (Code Civ. Pro. §§ 992, 993.)

(Argued January 16, 1890 ; decided January 31, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made May 13, 1887, which affirmed a judgment entered in favor of plaintiffs upon a decision of the court on trial at Special Term.

This action was brought to set aside an assignment for the benefit of creditors.

On and prior to May 17, 1884, Charles McCulloch Beecher, Frank R. Johnson and Walter S. Baillie, were partners under the name of C. McCulloch Beecher & Co. They were engaged in business as commission merchants at the city of New York, and had a branch house at the city of Rio de Janiero. Beecher resided at Brooklyn, and Johnson at the city of New York, and they had charge of the business in the city last mentioned. Baillie resided and had charge of the business at Rio de Janiero. The property of the firm was all personal, some of which was at New York, but the greater part of it was at Rio de Janiero. On the date mentioned the firm was insolvent, and Beecher executed in its name a general assignment for the benefit of creditors, by which all of its property was assigned to the defendant Henry P. Bartlett, in trust, to convert into money and first pay in full two creditors, after which all others were to be paid ratably. November 17, 1884, the plaintiffs recovered a judgment against the partners, on which an execution was returned wholly unsatisfied. June 6, 1885, this action to set aside the assignment as fraudulent was begun by personal service of the summons and complaint on all of the defendants except Beecher, who was not served, nor did he appear in the action.

Further facts appear in the opinion.

*C. E. Tracy* for appellants. For the purpose of this action it was and is to be taken as true that both Johnson and Baillie had assigned their property by the assignment executed by Beecher. The complaint specifically charged, and their several answers admitted the making of the assignment. Their answers were in themselves a ratification of the assignment by them. (Code, § 522; *Tell* v. *Beyer*, 38 N. Y. 161; *Ballou* v. *Parsons*, 11 Hun, 602; *Fleischman* v. *Stern*, 90 N. Y. 110; *Fisk* v. *Evans*, 5 J. & S. 482; 60 N. Y. 640; *Gasper* v. *Adams*, 28 Barb. 441; *Southwick* v. *F. N. Bk.*, 84 N. Y. 420, 429; *Prindle* v. *Caruthers*, 15 id. 425–6; *Keteltas* v. *Myers*, 19 id. 231; *Thorp* v. *K., etc., Co.*, 48 id. 253–5; *Bates* v. *Rosekrans*, 23 How. Pr. 98.) There was an absolute failure of proof showing dissent from the assignment by either the defendant Johnson or Baillie. (*Baldwin* v. *Tynes*, 19 Abb. 32; *Roberts* v. *Shepard*, 2 Daly, 110; *Wells* v. *March*, 30 N. Y. 344; *Lowenstein* v. *Flauraud*, 11 Hun, 399; 82 N. Y. 494; *Klumpp* v. *Gardner*, 114 id. 153.) There was an utter absence of proof to sustain the two findings that they did not authorize or assent to the assignment. (*Roberts* v. *Shepard*, 2 Daly, 110; *Klumpp* v. *Gardner*, 114 N. Y. 153; Laws of 1887, chap. 466, § 28.) The judgment as entered was incorrect, in that it gave to plaintiffs a preference over all other creditors. The assignment was not set aside for fraud, but only for alleged irregularity. This gives the plaintiffs no preference over other creditors. (*Codwise* v. *Gelston*, 10 Johns. 507; *Corning* v. *White*, 2 Paige, 567; *Cox* v. *Platt*, 32 Barb. 126; *Kennedy* v. *Barandon*, 67 id. 209; Code, §§ 452, 786; *Coope* v. *Bowles*, 18 Abb. 442, 447.)

*Franklin Bien* for respondents. Where the pleadings do not conform to the evidence if the facts proved a good cause of action, and no objection is made to the evidence, the case will be disposed of on appeal as if the pleadings had been amended. (*Tying* v. *C. W. Co.*, 58 N. Y. 313; *Williams* v. *P. F. Ins. Co.*, 57 id. 274; *Sherman* v. *Parish*, 53 id. 488; *McKnight* v. *Devlin*, 52 id. 399; *Miller* v. *Schuyler*, 20 id.

524; *Catlin* v. *Gunter*, 11 id. 368.) An assignment of partnership property with preferences, must be executed by all members of the firm; if not it is void. (42 Barb. 93; Story on Part., § 103; Burrill on Assigments, 37; 5 Paige, 30; 7 id. 26; 3 Sandf. Ch. 284; 3 Duer, 1; 15 How. Pr. 268; 2 Kern. 442; 1 Hoff. Ch. 513; 3 Sandf. Ch. 284; *Hayes* v. *Heyer*, Id. 293; R. S., chap. 3, tit. 5, § 9; Laws of 1873, chap. 807; *Hayes* v. *Heyer*, 3 Sandf. Ch. 293; 25 Hun, 79; 30 N. Y. 344.) This is an action by judgment creditors, after return of execution, to set aside a general assignment, and if they succeed they are entitled to a preference over other creditors on the assets in the hands of the assignee. (Code Civ. Pro., § 1873.)

FOLLETT, Ch. J. It is alleged in the complaint: " That the said assignment is null and void upon its face," but why it is so is not averred. It is argued in behalf of the respondents that it is so void because (1) the names of all of the partners are not disclosed in it, and (2) that it appears not to have been executed by all of the partners. The partners had no property except firm property, all of which was personal. A general assignment relating solely to the property of a general partnership, all of which is personal, executed solely for the benefit of creditors of an insolvent firm, and reciting that it is made " between the firm (stating its name), party of the first part," to which the firm name is subscribed by one of the partners, who declares in the certificate of acknowledgment " that he executed the same as and for said firm (giving its name), and under its authority and instructions of the members of said firm," is not void on its face by reason of the manner of its execution.

The assignment not being void on its face, the burden was on the plaintiffs to prove that it was void for reasons outside of the record. They alleged in their complaint as a reason for setting it aside, which is the only ground averred, except the one first considered, " That the said assignment was made by the defendants, Charles McCulloch Beecher, Frank R.

Johnson and Walter S. Baillie, with the intent to delay, hinder and defraud their creditors. That it was not accompanied by immediate and continued change of the possession of the property, but that the same was allowed to remain under the control of the said assignors of the defendant Henry Paine Bartlett." The defendants, in their answer, denied that the assignment was made with intent to defraud creditors. On the trial the plaintiffs called as a witness the assignee and one of the assignors, both of whom testified that the assignment was made in good faith, and we find no evidence to the contrary. At the close of the evidence the defendants requested the court to find the issue of fact so joined in their favor, but the court refused to determine the issue, to which refusal the defendants excepted, pursuant to section 992 of the Code of Civil Procedure, and they insist that under section 993 the refusal was error. The court found as a conclusion of law, "That the said general assignment, dated May 17th, 1884, was and is fraudulent and void as against the plaintiffs in this action," which seems to have been based on the finding of fact that the assignment was made without the authority or assent of Johnson and Baillie. This finding of fact was excepted to by the defendant pursuant to section 992, and they now urge that it is without any evidence tending to sustain it, and is reviewable as a question of law. As before stated, the complaint contained no intimation that the assignment was to be attacked on the ground that it was not authorized by Johnson and Baillie, but, on the contrary, it is twice averred that it was made by all of the partners. But, assuming that such an issue was presented by the pleadings, the burden of establishing it was, as before stated, on the plaintiffs. They called Mr. Johnson, who testified : " I was at home when the assignment was made ; I had a conversation with Mr. Beecher with reference to the making of this assignment prior to its being made ; he told me two days before the failure if we did not get remittances from Brazil we would have to make an assignment ; I said to him it is pretty tough, and if we must do it then we must ; I had no conversation with him after that

with reference to this assignment; I do not remember any other conversation, but I won't swear it was the only conversation I had with him." The plaintiffs called the assignee, who testified : " I think I saw a cable from Walter S. Baillie, dated about May 16th, 1884, to the firm of C. McCulloch Beecher & Co.; * * * I don't know the contents *verbatim;* as near as I reccollect, Mr. Baillie assented to the assignment without qualification; I cannot use the words of the cable, but that is my remembrance." This cablegram was dated the day previous to the date of the assignment. The plaintiffs put in evidence a letter from Baillie to the assignee, dated June 28, 1884, which contains the following : " Dear Sir.—Your favor of the 24th ult. duly received on the 26th inst., addressed to the writer, to which we have to reply with all the information in our power.

" *First.* Let us correct you on your first remark that ' we had already been advised by cable Messrs. C. McCulloch Beecher & Co., New York *and Rio* have assigned to me all their business for the benefit of their creditors,' etc. So far as the writer is concerned, he confirmed in his cable of 16th ult. confirmation assignment available assets of *the New York firm only*, it being quite out of his power to do more than this. Brazilian law being most clear in stating the absolute necessity of first settling all claims on the spot before the remittance of any moneys abroad. This once accomplished, we will remit you as rapidly as possible all that remains over, subject only to the deduction of actual liquidated expenses." They also put in evidence a letter from Baillie to C. McCulloch Beecher & Co., dated May 24, 1884: "Since our respects of the 17th inst., we, on 20th, received your cable announcing your failure and the appointment of Mr. H. P. Bartlett as assignee. * * * At once on receipt of news of your suspension we consulted our lawyer as to our course to pursue, and he informed us that, by Brazilian law, all local debts must be settled before any remittances can be sent to New York towards settlement with United States creditors, and that, so far as this branch is concerned, our assets more than covering

our local liabilities, we are simply liquidating in obedience to instructions from our head office." After this, Baillie converted the assets in Brazil into money and after paying the Brazilian creditors, as required by the law of that country, remitted the surplus to the assignee. This is all of the evidence bearing upon the question of whether Johnson and Baillie consented to the execution of the assignment and it does not tend to sustain the finding that they did not assent, had such an issue been raised by the pleadings; besides, the trial court found "That said Frank R. Johnson never objected to or questioned said assignment either before or after its execution and that said Walter S. Baillie, after the execution of said assignment, collected the assets of his said firm in Brazil and, after paying the indebtedness of said firm to its creditors in Brazil, transmitted the balance to the assignee, the defendant, Henry Paine Bartlett."

A general assignment of the assets of a general partnership for the benefit of creditors may be legally executed in the name of the firm by one of the partners, if done with the oral assent of all of the partners. (*Klumpp* v. *Gardner*, 114 N. Y. 153.) The case at bar is not like *Sutherland* v. *Bradner* (116 N. Y. 410), in which an attempt was made to validate an assignment by amendment after a creditor had acquired a lien on the assigned property.

The judgment should be reversed and a new trial of the issues joined in the pleadings, or of such as may be made by amended pleadings granted, with costs to abide the event.

All concur.

Judgment reversed.