Judgment reversed, new trial granted, costs to abide the event.

---

Darwin W. Sherman, Respondent, v. Lyman Jenkins, Appellant.

*Assignment for the benefit of creditors, by a copartnership — deed of assignment signed by one partner only — replevin of the individual property of a non-signing partner — effect of a judgment in an action by the non-signing partner overruling a demurrer to a defense set up in the answer of the assignee.*

When, in an action of replevin brought against the assignee under a general assignment for the benefit of the creditors of a copartnership, signed by one of the partners, to recover the possession of personal property alleged by the plaintiff to have been purchased by him from a partner who had not signed the deed of assignment and to whom it is alleged the property belonged individually, it appears that the property in question was, prior to the assignment, in the possession of and used by the copartnership in its business, with the knowledge of the plaintiff's transferrer, the plaintiff cannot assert, as against the

creditors of the copartnership, the alleged individual ownership of the property and that it was not copartnership property.

When, in such an action, it appears that the copartnership assignment, executed to the defendant by one of the partners, is valid upon its face and shows that the person signing it was authorized to sign it, it is not necessary for the assignee for creditors to prove that the plaintiff's transferrer authorized or consented to his copartner's executing it for him, but if in fact there was no such authority or consent given the burden of proving such fact rests upon the plaintiff.

When the answer of the assignee, in such an action of replevin, sets up as a defense the pendency of an action brought against him by the plaintiff's transferrer, after the execution of the general assignment, seeking to have the property in suit adjudged the individual property of such transferrer, and that an injunction had been obtained in such other action prior to the plaintiff's demand and with his knowledge, and was still in force, restraining the defendant from disposing of the property in suit, and such defense has been demurred to but the demurrer has been overruled by a judgment remaining of record unreversed, and the plaintiff has failed to avail himself of the permission of replying to such defense, such adjudication upon the admission by the demurrer of the facts alleged as a defense is binding upon a referee on the trial of the action of replevin, as a determination that there was no unlawful detention of the property by the defendant.

APPEAL by the defendant, Lyman Jenkins, from a final judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Warren county on the 17th day of August, 1892, upon the report of a referee.

The action was in replevin, brought to recover the possession of four horses and two sleighs, held by the defendant as assignee for the benefit of the creditors of a copartnership styled the "New York and Oriental Tea Company," composed of William H. Robinson and Godfrey R. Martine, under a deed of assignment executed in the firm name by William H. Robinson, and accepted by the defendant. The deed of assignment was accompanied by a notary's certificate that its execution was acknowledged by Robinson, and that the notary "knew William H. Robinson to be a member of the firm of New York and Oriental Tea Company, and he also acknowledged that he was duly authorized and empowered to execute and sign for said New York and Oriental Tea Company the foregoing instrument."

The plaintiff claimed that the property in suit had belonged to Godfrey R. Martine individually, and not to the partnership, and that he had purchased it from Martine.

*T. W. McArthur*, for the appellant.

*A. Armstrong, Jr.*, for the respondent.

HERRICK, J.:

The assignment to the defendant on its face was a valid assignment; the burden, therefore, was on the plaintiff to prove that it was invalid for reasons outside of the record. (*Hooper* v. *Baillie et al.*, 118 N. Y. 413.)

I have been unable to find anything in the evidence in the case proving, or tending to prove, that the member of the copartnership who signed the instrument of assignment, was not authorized to do so by his copartner, as set forth in the acknowledgment. The defendant would, therefore, lawfully become possessed of all the copartnership property.

The plaintiff's assignor was a member of said copartnership. The property in question was in the possession of and used by said copartnership in the transaction of its business; it must have been so with the knowledge and consent of plaintiff's assignor, and as against the creditors of the copartnership the plaintiff ought not to be permitted to assert the alleged individual ownership of his assignor therein, and that it was not copartnership property.

The defendant represents the interests of the creditors of said copartnership.

I think the referee erred in the view taken by him of the assignment. He seems by his qualifications of the defendant's request to find that the copartnership executed an assignment for the benefit of creditors, to the defendant, to have held that it was necessary for the defendant to prove that plaintiff's assignor executed such assignment, or authorized or consented to his copartner doing it for him.

This, as we have already seen, was not incumbent upon the defendant to show, the assignment being valid upon its face, and showing that the person signing it was authorized to sign it. If in fact there was no such consent and authority given, it was for the plaintiff to prove that fact, which he has failed to do.

The referee also erred in his holding in regard to the third and fourth counts in defendant's answer.

They had been demurred to by the plaintiff, and the demurrers overruled, and the plaintiff had failed to avail himself of the per-

mission granted to him of replying to such counts in the answer; the judgment upon the demurrers was of record, and, so remaining on the record, was an admission of the facts set forth in such counts. (*Cutler* v. *Wright*, 22 N. Y. 472.)

The third count of said answer alleges that the plaintiff's assignor and another commenced an action against this defendant and another, after said assignment, in which they alleged that plaintiff's assignor was the owner of the same property which is in question in this action, and demanded, among other things, that he be so adjudged the owner of said property, and that the defendant therein be directed to deliver the same to plaintiff's assignor, and that such action was still pending against this defendant at the time of the commencement of this action, and so commenced before the plaintiff claims to have acquired his title to the property in question; that plaintiff procured his alleged title to said property during the pendency of such action, and with full knowledge that it was pending.

The fourth count in said answer alleges that in the action set up in the third count, an injunction was granted enjoining and restraining the defendant from disposing of or interfering with said property, and that the demand made upon defendant by the plaintiff for the property in question herein was made while said injunction or order was in force, and with the knowledge by the plaintiff of the pendency of said action, and of said order.

These things so alleged being admitted by the demurrer, as before stated, there was no wrongful detention of the property by the defendant, even admitting that he had no lawful title to it under the assignment, and as there was no unlawful taking of the property by the defendant originally, there is nothing, it seems to me, upon which an action of replevin can be sustained.

The decision of the Special Term upon the demurrer being unreversed, was binding upon the referee, and as to him it was a final decision in the case as to the question decided by it, and the referee erred in considering it an open question to be passed upon by him. For these errors, judgment should be reversed, the referee discharged, and a new trial granted, costs to abide the event.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment reversed, new trial ordered, referee discharged, costs to abide event.