W. S. CORBETT v. F. CANNON *et al.*

No. 8846.

1. PARTNERSHIP — *Assignment for Creditors.*  An assignment of all the property of a partnership, composed of three partners, for the benefit of their creditors, made by two of the partners only, may be subsequently ratified and made valid by the assent of the other partner.

2. ———— *Ratification of Assignment by Answer in Court.* Where an assignment was made by two of the partners on the 2d day of July, and the third partner was fully informed with reference to it on the 5th day of the same month, and took no action adverse to the assignment, but on the 8th day of September, following, expressly asserted its validity in an answer filed in an action brought against him, he will be deemed to have ratified the assignment, and creditors cannot thereafter successfully challenge its validity because of his failure to join in its execution.

*Error from Sedgwick District Court.*
*Hon. C. Reed, Judge.*

REVERSED AND REMANDED.          OPINION FILED JUNE 6, 1896.

STATEMENT BY THE COURT.

ON the 25th day of November, 1891, F. Cannon and H. Kemper, partners under the name of F. Cannon & Co., brought suit in the district court of Sedgwick county against W. J. Corner and H. R. Farnum, partners as Corner & Farnum, to recover the sum of $1,116 for goods sold and delivered.   At the same time an affidavit was filed for the purpose of having the Wichita National Bank and W. M. Levy summoned as garnishees.   The bank, by Levy as its president, answered, denying that it held any property of or was indebted to Corner & Farnum.   The plaintiffs thereupon gave notice that they elected to take issue on the answer of the garnishee.   Afterward an amended answer was filed by the bank, by leave of court, also denying any indebtedness to Corner and Farnum, but stating that it had money in

its possession in excess of the amount that was due it on notes secured by chattel mortgage executed to the bank by Corner & Farnum, but that the money it so held was due to W. S. Corbett, as assignee, under an assignment made by Corner & Farnum to him on the 2d day of July, 1891. Afterward Corbett made application for leave to interplead, which was granted, and he thereupon filed an interplea, alleging that on July 2, 1891, W. J. Corner, H. R. Farnum, and W. B. Hanscome, composing the firm of Corner & Farnum, made an assignment for the benefit of their creditors and conveyed all their property to him; that he was afterward duly chosen assignee by the creditors of Corner & Farnum, accepted the trust, and qualified according to law; that the bank had in its possession the sum of $5,511.93 belonging to him as such assignee, and asked an order that the bank pay said sum to him. A copy of the deed of assignment was attached to the interplea. It was executed by W. J. Corner and H. R. Farnum only. Cannon & Co. answered the interplea, denying that Corbett had any authority to act as assignee. The case was tried by the court without a jury.

It appeared in evidence that on the 3d day of July, 1888, Corner, Farnum and Hanscome formed a limited partnership to terminate January 1, 1889, with Corner and Farnum as the general partners, and Hanscome a special partner, contributing $10,000 to the stock. At the expiration of the time limited, the partnership was renewed for another year, and again on the 1st day of January, 1890, it was renewed until the 1st day of January, 1891. Due notice was published of each certificate. On the 1st day of January, 1891, a certificate again renewing the limited partnership for another year was made and acknowledged by all the

partners, but no publication thereof was made as required by the statute. The assignment was executed by Corner and Farnum alone on the 2d day of July, 1891, acknowledged by them, and recorded in the office of register of deeds on the same day. A meeting of the creditors was held on the 31st day of July, 1891, at which Corbett was elected assignee. He thereupon accepted the trust and duly qualified. The court held the assignment invalid, and rendered judgment against the interpleader for costs. He alleges error and brings the case here for review.

*J. V. Daugherty*, *T. B. Wall*, *R. R. Vermillion*, and *Kos. Harris*, for plaintiff in error.

*James J. Parks*, *Fred W. Bentley*, and *David Smyth*, for defendants in error.

The opinion of the court was delivered by

ALLEN, J. : There is an elaborate discussion in the briefs of the question whether the firm of Corner & Farnum was a general or special partnership, and, if a special partnership, whether Corner and Farnum alone, as the general partners, had authority to execute an assignment of all the property of the firm for the benefit of their creditors. A further question is presented, however, which we deem decisive of the case, and which renders a consideration of other questions unnecessary. The business of the firm was carried on at Wichita by Corner and Farnum only. Hanscome resided at Denver. The firm became insolvent and gave a chattel mortgage on their property to the Wichita National Bank to secure their indebtedness to it, amounting to about $24,000. Hanscome had no personal charge of the business. He was notified by telegraph of the assignment, and went to Wichita,

and was there on July 5.· He testified by deposition that he did not express to Corner and Farnum his affirmation of their making the assignment; that he did not know the extent of their liabilities; that he did not authorize them to execute the assignment, and would have opposed it if he had been consulted; that he told them that he thought that they had made a mistake.

It was shown that an action was brought in the county court of Arapahoe county, Colorado, by Roth, Bruner & Feist against Hanscome to recover a large sum of money claimed to be due them from the firm of Corner & Farnum. Hanscome employed attorneys, who, after being fully informed by him of all of the facts in relation to the matter, on the 8th day of September, 1891, filed an answer in that action alleging that said firm of Corner & Farnum did, on the 3d day of July, 1891, make, execute and deliver their deed of voluntary assignment for the benefit of all their creditors; that such assignment was duly acknowledged and recorded in Sedgwick county, Kansas, and that everything necessary and proper to be done under the laws of the state of Kansas relative to assignments was done; that a majority of the creditors of Corner & Farnum accepted said assignee, and that the matter of said assignment was still pending and undisposed of; that the plaintiffs in said suit were parties thereto, and had received or would receive a greater portion, if not all, of their claim out of the assets of the firm in the hands of the assignee. While Hanscome, in his testimony, says that he expressed disapproval of the action of Corner & Farnum in making the assignment, he at no time denied its validity, nor did he take any steps whatever to avoid it. The answer above mentioned was filed long before

this action was commenced by F. Cannon & Co. In it he expressly recognized the validity of the assignment.

That an assignment executed by one or more partners without authority from another may be ratified and confirmed by the partner who does not execute it, is clear both upon reason and authority.  In the case of *Hodenpuhl et al. v. Hines et al., Appellants*, 160 Pa. St. 466, it was held that a person who, with sufficient notice that his copartner, the manager of the business, has made a formal assignment for the benefit of creditors, fails to dissent therefrom within a reasonable time is deemed to have ratified it, and it will stand against subsequent executions against the firm. In *Adee v. Cornell et al.*, 93 N. Y. 572, where an assignment was attacked by creditors on the ground that there were partners who did not join in it, it was held that the alleged partners, having acquiesced in the assignment, no one else could complain, and that an assignment could be ratified by members of the firm who did not join in it.   To the same effect are *Matthews v. Smelser*, 26 S. W. Rep. (Tex.) 872 ; *Farwell and others v. Webster, Garnishee, etc.*, 71 Wis. 485 ; *Tischler v. Kurtz*, 17 S. Rep. (Fla.) 661 ; *Williams v. Frost*, 27 Minn. 255 ; *Rumery v. McCulloch, Garnishee, etc.*, 54 Wis. 565 ; *Hooper et al. v. Baillie et al.*, 118 N. Y. 413.   Probably the failure of Hanscome to take any action inconsistent with the assignment, or to express his dissent otherwise than by saying that he deemed it unwise and a mistake, ought to be held a tacit ratification ; but we need not rest on this alone, for in his answer to the suit against him in Colorado he expressly affirmed the validity of the assignment, and expressly averred the right of the assignee to the possession of the firm property for the purpose of

distributing it to the creditors. The district court erred in holding the assignment void, under the testimony in the case.

The judgment is reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

All the Justices concurring.