## Cox vs Swofford Bros. Dry Goods Co.

Opinion delivered October 1, 1898.

*1. Partnership—Pleading—Evidence.*

> In an answer to an interplea, plaintiff alleged that the attached property belonged to a co-partnership, composed of D. and S., and denied that it belonged to interpleader. *Held*, A motion to require plaintiff to state whether the partnership contract was in writing, and if in writing, to attach a copy thereof to his answer, was properly overruled, that being a matter of proof on the trial.

*2. Fraud—Pleading.*

> In an answer to an interplea, plaintiff alleged that the instrument under which interpleader claimed was fraudulent and void. Interpleader filed a motion to require plaintiff to make

his answer more specific in that regard. *Held*, That fraud is a conclusion of law, and the motion should have been sustained so as to require plaintiff to set out the facts constituting the alleged fraud.

3. *Surplusage—Harmless Error.*

Where a good defense is stated in an answer and sustained by proof, a further defense, insufficiently stated will be treated as surplusage and the overruling of a proper motion to make the answer more specific in harmless error.

4. *Assignment For Benefit of Creditors—Partnership Property.*

An assignment for benefit of creditors of patnership property, should be the joint act of all of the partners, or should be made by the express authority of those who do not actually execute it, or it should be subject to ratification by them.

5. *Assignment For Benefit of Creditors—Ratification—Verdict.*

The question as to the ratification of the deed of assignment by the partner not joining in its execution having been submitted to the jury under proper instruction their verdict will not be disturbed.

Appeal from the United States Court for the Central District.

YANCY LEWIS, Judge.

Action of attachment by Swofford Bros. Dry Goods Co. against Daniels & Stalcup, co-partners. W. A. Cox, interpleaded claiming the attached property under a deed of assignment. Judgment for plaintiff. Interpleader appeals. Affirmed.

On December 20, 1895, the appellee, the plaintiff below, filed its complaint against Daniels & Stalcup, as co-partners, alleging that the defendants were indebted to plaintiff in the sum of $301.36, upon open account, and that the same was due and unpaid, and also secured an attachment. On April

22, 1896, John W. Stalcup, one of defendants, filed his answer, denying that a co-partnership existed between himself and Daniels when the suit was instituted, and denying that they have sold their property with intent to cheat hinder, or delay their creditors, and alleging that before the suit was instituted he had purchased the interest of Daniels in the business; that on November 29, 1895, he made an assignment to W. A. Cox, the appellant, for the benefit of creditors of all property except $400, exempt by law. And on the same day W. A. Cox filed his interplea; and said he was entitled to immediate possession of the property attached, by virtue of a deed of assignment made by J. W, Stalcup, one of defendants, to him, for the benefit of his creditors, of all property except $400, which he claims as exempt, and asks judgment for the property or its proceeds. On July 2, 1896, plaintiff filed an answer to the interplea, and denied that Cox is entitled to possession of the property; denied that any part of said property is exempt, because the property was the partnership property of Daniels & Stalcup; alleged the assignment was fraudulent and void; and alleged that interpleader had wholly failed to comply with the law. On the same day the case was tried, and verdict for interpleader. On July 6, 1896, plaintiff moved for a new trial, which motion on July 7, 1896, was sustained by the court; and on September 30, 1896, the case was again tried, and a verdict was returned for the plaintiff against Cox, the interpleader. Cox made a motion for a new trial, which was overruled by the court, and judgment rendered upon the verdict, and Cox appealed to this court.

*Wilkinson & Wilkinson*, for appellant.

*N. B. Maxey* and *J. P. Clayton*, for appellee.

TOWNSEND, J. The appellant has filed eight specifications of error. The first error assigned is the overruling of

the motion of appellant (the defendant below) to require the appellee (the plaintiff below) to make its answer to the interplea of appellant more specific. Under section 5033, Mansf. Dig., it is provided what the answer shall contain : "Second. A denial of each allegation of the complaint controverted by the defendant, or of any knowledge or information thereof, sufficient to form a belief. Third. A statement of any new matter constituting a defense, counterclaim or set-off, in ordinary and concise language without repetition. Fourth. The defendant may set forth in his answer as many grounds of defense, counterclaim and set-off, whether legal or equitable, as he shall have. Each shall be distinctly stated in a separate paragraph, and numbered. The several defenses must refer to the causes of action which they are intended to answer in a manner by which they may be intelligibly distinguished." The motion of appellant which was overruled by the court is as follows : " First. To state whether the contract of partnership which is alleged to have existed between the said Daniels & Stalcup was or was not in writing, and, if in writing, to file the said contract as an exhibit in the said answer. Second. To state what fraud, or who was guilty of fraud, in the execution of the assignment referred to in this case." The allegation in the inierplea by appellant is as follows: "That he is entitled to the immediate possession of the property attached in this action, by virtue of a deed of assignment made to him by the defendant J. W. Stalcup on the 29th day of November, 1895, for the benefit of his creditors; save and except $400 worth of said property, which was claimed as exempt to him, under the law, from sale on execution or attachment or other process, on debt by contract, as a married man and the head of a family; that said assignment was made in good faith; and that the said assignee has done and is doing all and singular the things required of him by law, and is administering the said assignment to the best advantage of all parties interest-

ed in the same." The answer of appellee to which the motion of appellant was directed, and to the overruling of which error is assigned, is as follows. "That it denies that interpleader is entitled to the possession of the attached property in this cause by virtue of a deed of assignment executed by one of the defendants, J. W. Stalcup, on the —— day of December, 1895, and plaintiff denies that said interpleader has any right to said property whatever. Plaintiff, further answering, denies that any part of said property is exempt to said defendant Stalcup, because plaintiff says said property was and is the partnership property of James Daniels and J. W. Stalcup, and no part of it exempt. Plaintiff further states that said pretended assignment is fraudulent and void, and conveyed no title to said interpleader; and plaintiff denies that said interpleader has done all things required of him as assignee, but, on the contrary, alleges that said interpleader wholly failed to comply with the law." We do not think it was necessary for the plaintiff to allege in his answer to the interpleader whether the partnership <span style="float:right">Pleading.<br>Partnership.</span> agreement between James Daniels and J. W. Stalcup was in writing or not. That was a matter of evidence and evidence should not be pleaded. Bliss Code Pl. (3d Ed.) §§ 140, 206. The second part of the motion, which went to the following allegation, "Plaintiff further states that said pretended assignment is fradulent and void, and conveyed no title to said interpleader," should have been sustained. Fraud is a conclusion of law. The facts which constitute the fraud must be stated. Id. § 211; Catlin vs Horne, 34 Ark. <span style="float:right">Pleading.<br>Fraud.</span> 169. If the other allegations in the answer did not constitute a good defense, and the above allegation, properly pleaded, was necessary to present a material issue to the appellant's interplea, this case should be reversed; but I think the allegation may be treated as surplusage, and be disre- <span style="float:right">Surplusage.</span> garded. The other allegations stated in the answer con-

stitute a defense, without this.   Bliss, Code Pl. (3d Ed.) § 2.6.

The second and third assignments of error, in our opinion, are not well taken.   The statements rebutted the presumption that Daniels and Stalcup were not full partners as contended by appellant, and were competent as to the credibility of Stalcup, and the admission was wholly within the discretion of the court.

The fifth assignment of error, that "a partner in absolute control of a business may make an assignment for the benefit of the creditors of the concern," is not, in our opinion, a safe rule.   Burrill (Assignments, §§ 47-53, inclusive) reviews the decisions in extenso; and, as a result of the examination of all the leading cases, he says the law is unsettled, but says:  "On the whole, while the law remains thus unsettled on this point [power of one partner to make an assignment], it may be laid down as the only safe, practical rule, that in making assignments of partnership property, particularly to trustees, all the partners—special as well as general, dormant as well as active—should be consulted; and the assignment should either be the joint act of all, or should be made by the express authority or with the consent or concurrence of those who do not actually execute it, or subject to ratification on their part."   Id. (6th Ed.) § 53.   In Corbett vs Cannon (Kan. Sup.) 45 Pac. 80, it was held that the partner not joining had expressly ratified; and in Matthews vs Smelser (Tex. Civ. App.) 26 S. W. 872, that the partner not joining, and who had possession of the property assigned, surrendered the same to the assignee, thus assenting to it.   These cases are cited by appellant, but evidently do not support his proposition.

*Assignment of Partnership Property.*

The fourth, sixth, seventh, and eighth assignments of error all refer to the question of ratification of the deed of assignment, or to the refusal of the court to submit to the

jury certain instructions upon the theory of the case entertained by the appellant.   The controlling questions in the case were undoubtedly whether Daniels and Stalcup were partners when the deed of assignment was executed by Stalcup alone, and whether Daniels ratified or concurred in the same prior to the time the attachment writ was placed in the hands of the marshal.   These questions were fully submitted to the jury by the court in his instructions, as will be seen by an examination of the charge of the court, and the jury found against the interpleader, and for the plaintiff. This is conclusive of the case.   We think that the judgment of the court below was correct, and it is therefore affirmed.

*Ratification.*
*Verdict.*

SPRINGER, C. J., and CLAYTON, J., concur.